Clyde Chandler v. The State.

No. 6252.   Decided May 11, 1921.

**Intoxicating Liquors—Possession—Insufficiency of the Evidence—Corroboration—Accomplice.**

Where, upon trial of having in possession intoxicating liquor in violation of the law, the corroboration of the accomplice testimony was insufficient to sustain the conviction, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Kaufman. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of the unlawful possession of intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Wynne & Wynne, Miller & Miller,* and *Ross Huffmaster,* for appellant. Cited Franklin v. State, 227 S. W. Rep., 486.

*R. H. Hamilton,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Kaufman County of the offense of possessing intoxicating

liquor, not for medicinal, mechanical, scientific or sacramental purposes, and his punishment fixed at confinement in the penitentiary for a period of one year.

Appellant claims that the evidence is insufficient to support the conviction, in that it rested upon the uncorroborated testimony of an accomplice. An inspection of the record discloses that one Peel testified that about the 12th of September, 1920, appellant brought to his house two gallons of whisky in a bucket and a gallon jar, and that he paid appellant therefor $30 a gallon. Mr. Peel does not state whether appellant came to his house on foot or in a buggy, wagon, cart or other vehicle. One Beverly Jones testified that he carried appellant down to the house of witness Peel in a Ford Sedan, and that appellant carried a bucket in which was supposed to be liquor. Rev. Oliver testified that on the 12th of September, 1920, he lived about sixty feet from the witness Peel, and that about the 12th or 13th he saw a man drive up to Mr. Peel's front yard and get out and carry in a bucket; that he could not identify the man and would not know him. This witness also testified that about the first of October he saw a man drive up to the front steps of Mr. Peel and get out of his car and go in with a bucket; that he could not say who the man was, or whether it was the same man who had been there before. This appears to be the entire case for the State. No witnesses were put on by the appellant.

We are unable to conclude that there is in this record such evidence as would sufficiently corroborate the accomplices Peel and Jones. If Jones transported appellant down to the house of Peel, knowing that he was engaged in the illicit traffic in liquor, he would unquestionably be an accomplice. If Peel purchased the liquor from appellant he also would be an accomplice. Rev. Mr. Oliver is the only witness in the case who is not an accomplice. We do not find from his testimony any attempt to describe the man who drove up to Peel's house either by clothing, color, size or anything else, or the vehicle in which he came, whether a car or otherwise and he refused to identify appellant as that man. No effort was made to show what hour of the day the occurrence testified to by Mr. Oliver took place, nor is there a single fact to identify the transaction testified to by him with that testified to by Jones and Peel. Jones did not state on what occasion, whether in September or October, he carried appellant to the home of the purchaser of the liquor. Peel says appellant brought the liquor to his house in September in a gallon jar and a bucket. Mr. Oliver says the man he saw come to appellant's house had only a bucket, and this instead of corroborating would tend to show different transactions. It occurs to us that if the transactions were the same, that the State ought to be able to show with some degree of certainty at least by the various witnesses some points that will make the testimony of Mr. Oliver connect more satisfactorily with that of the testimony of the other witnesses. The charge is possessing intoxicating liquor. The State's

testimony from the mouth of the accomplice Peel is sufficient if there be other testimony in the case which tends to connect the accused with the commission of the offense. Article 801, C. C. P., says the corroboration is not sufficient if it merely shows the commission of the offense. This we take to mean that the corroborating evidence must point to the accused, and of itself and independent of the accomplice, must have some probative force connecting him with the offense, and unless the corroborative evidence tends to so connect him, it is insufficient. If the evidence of the accomplices be eliminated from consideration, the record would disclose nothing save the fact that on the 12th or 13th of September, 1920, Rev. Oliver saw a man go to the house of Mr. Peel with a bucket, said man being unknown, and a description of whom the witness did not attempt to give. We think this insufficient to meet the statutory requirements.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*