. CLYDE CHANDLER v. THE STATE.

No. 6251.   Decided May 19, 1921.

Intoxicating Liquors—Possession—Accomplice Testimony.

Where upon trial for the unlawful possession, etc., for the manufacture of intoxicating liquor, etc., the evidence was not sufficient to corroborate the accomplice testimony, the conviction could not be sustained.

Appeal from the District Court of Kaufman.   Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of having in possession equipment for the manufacture of intoxicating liquors, etc.; penalty, imprisonment in the penitentiary for one year.

The opinion states the case.

*Wynne & Wynne,* and *Ross Huffmaster,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted for the unlawful possession of equipment for the manufacture of intoxicating liquor, not for medicinal, scientific, mechanical or sacramental purposes, and his punishment assessed at confinement in the penitentiary for one year.

W. W. Neal testified that he was acquainted with John Chandler and Clyde Chandler, and helped them make some whisky; that it was manufactured on premises owned and controlled by John Chandler.   He described the location and the equipment used.   His testimony is to the effect that "Clyde Chandler just helped make it like the rest of us. All of us did different things,—grinding corn, mixing it and things of that kind."   He further testified that John Chandler spoke to him about making the whisky, and told him that he could make some.   Ed. Cole, constable, testified that upon the premises owned and occupied by John Chandler, and at a place which in description coincided with the location as given by the witness Neal, he found where whisky appeared to have been made; that there was evidence of a fire having been there, and some mash had been poured out in a slough, and within about thirty feet of this point he found some whisky in a tin bucket; that he followed wagon tracks from this point into an adjoining pasture which belonged to a Mr. Haynie, and there found the equipment for the manufacture of intoxicating liquor which had been described by the witness Neal.   There was no evidence as to who moved this equipment from the Chandler place to the Haynie place, and no one was found in possession of it on the Haynie place.   George

Woodward testified that upon one occasion John Chandler suggested to him that they make some whisky. Tom Selvidge testified that he was an automobile mechanic, and had done some work on Clyde Chandler's, appellant's car, and that appellant offered to trade him some whisky in part payment for the work he had done. The foregoing is substantially all the evidence in the case.

The witness Neal was an accomplice, so recognized by the court in his charge. The only question arising for consideration is whether the evidence of the accomplice is sufficiently corroborated to sustain the conviction against appellant on the charge of being in possession of equipment for the manufacture of intoxicating liquor. We know from the record, independent of the accomplice testimony, that appellant was John Chandler's son; that upon premises owned and controlled by John Chandler evidence was discovered which would indicate a still had been in operation. A place where a fire had been made was discovered, mash had been poured out on the ground in a slough, and whisky found near there; wagon tracks leading from this place to adjoining land where the equipment was found would show this same equipment had been in possession of some one on John Chandler's place; that appellant was in possession of or had access to intoxicating liquor is apparent from the fact that he offered to deliver some in part payment for work done on his automobile; all this might be true, and yet appellant not be guilty of the offense charged against him. The record outside of Neal's evidence is silent as to this appellant's connection with the equipment. If we could indulge in supposition, the presumption would be that the party in control of the premises also controlled and directed the various enterprises engaged in on the premises. The circumstances proved would point to John Chandler as the controlling spirit in charge of operations as well as of the machinery for conducting them. We do not wish to be understood as holding that there cannot be joint possession of the equipment for the manufacture of liquor, but to our minds the evidence is not sufficient to corroborate the accomplice Neal in placing appellant in that joint possession. The evidence can be more fully developed upon another trial, and the relations existing between appellant and his father, John Chandler, in connection with the manufacture of the liquor, be cleared up in such a way that this question perhaps will not arise.

We feel unwilling to permit the conviction to stand upon the uncertain and unsatisfactory testimony before us in this record, and the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*