GENE HOWARD v. THE STATE.

No. 6345.    Decided June 15, 1921.

Rehearing Denied October 12, 1921.

1.—Intoxicating Liquors—Manufacture—Accomplice—Charge of Court.

Where appellant was convicted of the offense of manufacturing intoxicating liquors, etc., and the record on appeal did not disclose a case resting upon the uncorroborated testimony of accomplice, or accomplices, there was no reversible error in the court's failure to charge on accomplice's testimony.

2.—Rule Stated—Presence of Witness—Accomplice—Corroboration.

The mere presence of a witness at the time of the commission of an offense does not call for an instruction on the law of accomplice testimony, or constitute such witness an accomplice.    Following Smith v. State, 28 Texas Crim. App., 309; and the fact that the witness tasted the liquor in question and drank a portion of it would not make her an accomplice.    Besides, the testimony of the main State's witness was amply corroborated, and there was no reversible error.

3.—Same—Objections to Charge of Court—Practice in Trial Court.

Under the law of 1913, amending Art. 735, C. C. P., and 743, C. C. P., unless the charge of the court is fundamentally erroneous, there must be an objection taken to such charge at the time it was given.    Following Childs v. State, 81 Texas Crim. Rep., 81, and other cases.

4.—Same—Rule Stated—Accomplice—Corroboration—Sufficiency of the Evidence.

When there is no question but that the record in a given case presents ample corroboration of the accomplice testimony, or when it does not appear that the conviction rests upon the uncorroborated testimony of accomplices, the failure of the trial court to submit that issue would not be held reversible error by this court in the absence of an exception; and where, in the instant case, the testimony was sufficiently corroborated and was otherwise sustained by the evidence, there was no reversible error.

5.—Same—Rehearing—Accomplice Testimony—Practice in Trial Court.

Where appellant urged on his motion for rehearing that the judgment should be reversed and the cause remanded for the failure of the court be-

low to submit the law of accomplice testimony, but it appeared from the record on appeal that no exception was taken to such failure, and no request appearing for the submission of such issue, there was no reversible error. Following Huggins v. State, 85 Texas Crim. Rep., 205, and other cases. Besides, in the instant case, if there was accomplice testimony, it was amply corroborated.

Appeal from the District Court of Kaufman. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Cooley & Crisp,* for appellant.—Cited: Polk v. State, 131 S. W. Rep., 581; Hollingsworth v. State, 189 S. W. Rep., 488.

*R. H. Hamilton,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Kaufman County of the offense of manufacturing intoxicating liquor, not for medicinal, scientific, mechanical or sacramental purposes, and his punishment fixed at confinement in the penitentiary for a period of five years.

The record is before us without any exception taken to the court's charge, and without any request for special instructions, and without a bill of exceptions to the introduction or rejection of any evidence. In his motion for new trial appellant complains that he was convicted on the uncorroborated testimony of accomplices; also that the trial court failed to tell the jury that certain witnesses were accomplices, and did not submit to the jury the issue as to whether such witnesses were accomplices, and did not submit the law of accomplice testimony; that appellant had no opportunity to procure counsel; and that the evidence does not support the conviction.

We do not think this record discloses a case resting on the uncorroborated testimony of an accomplice or accomplices. The main State witness was a young girl who lived in the house with appellant's mother, in which house the alleged manufacturing of liquor took place. This girl testified fully to appellant's manufacture of such liquor on more than one occasion. The only ground upon which any claim is put forward by appellant that she was an accomplice, rests on her statement that she tasted said liquor and on some occasions drank a little of same, and that she was present at the time the liquor was made. The mere presence of a witness at the time of the commission of an offense, does not call for an instruction on the law of accomplice testimony, or constitute such witness an accomplice. Smith v. State, 28 Texas Crim. App., 309. In our opinion the fact that said witness stated that she had tasted the liquor in question, and drank a portion thereof, would not make her an accomplice. The State introduced

evidence of officers to the finding in the house of appellant's mother, of the apparatus identified and described by the girl as being that with which the liquor was manufactured. As far as we may determine from the evidence and the testimony of the witnesses, said apparatus appeared to be amply sufficient for the purpose for which it was apparently used. Said apparatus was introduced in evidence before the jury. In the record appears the testimony of one Jerry Williams that on different occasions about the time appellant is charged to have manufactured said liquor, said witness had bought certain quantities of same from appellant. The fact that one purchases intoxicating liquor from one accused of the manufacture thereof, might be admissible as corroborative of the fact of such manufacture, and also as illustrative of the fact that such manufacture was not for one of the excepted purposes. The fact of purchase, however, would be but a circumstance in a case wherein the charge was manufacturing.

It appears to be the law of this State since 1913, that unless the charge of the court be fundamentally erroneous, either in its affirmative statement of the law, or by reason of its failure to state the law, an error therein will not be held reversible unless there be exception taken to such charge at the time it is given, or a charge correctly presenting the matter be refused. Art. 735, Vernon's C. C. P.; Childs v. State, 81 Texas Crim. Rep., 21, 193 S. W. Rep., 664; Debth v. State, 80 Texas Crim. Rep., 4, 187 S. W. Rep., 341. When there is no question but that the record in a given case presents ample corroboration of the accomplice testimony; or when it does not appear that the conviction rests upon the uncorroborated testimony of accomplices, the failure of the trial court to submit that issue would not be held reversible error by this court in the absence of such exception.

We are not at all inclined to agree with the contention of appellant that this conviction is not supported by the testimony, or that it rests upon the uncorroborated testimony of accomplices. Appellant was represented on the trial by counsel who seem to have developed his theory of the case fully.

We find no error appearing in the record and an affirmance is ordered.

*Affirmed.*

ON REHEARING.

October 12, 1921.

LATTIMORE, JUDGE.—It is urged that the case should have been reversed for failure to submit the law of accomplice testimony. No exception being taken to such failure, and no request appearing for the submission of such issue, no reversible error would appear under the facts. In Huggins v. State, 85 Texas Crim. Rep., 205, 210 S. W. Rep., 804, we said:

"No request for the submission of the questions whether the rule of accomplice testimony governed the state's witnesses having been made, their status would not be available to appellant upon appeal, unless they came within the accomplice rule as a matter of law and there was not sufficient corroboration. We do not think they were accomplices as a matter of law. Sanchez v. State, 48 Tex. Cr. Rep., 591, 90 S. W. 641; 122 Am. St. Rep., 772; Wright v. State, 7 Tex. App., 574; 32 Am. Rep., 599; Allison v. State, 14 Tex. App., 122; Tones v. State, 48 Tex. Crim. Rep., 368, 88 S. W. 217; 1 L. R. A. (N. S.) 1024; 122 Am. St. Rep., 759. If the contrary were true, however, we think the circumstances detailed in appellant's testimony afforded sufficient corroboration." This is approved in Chandler v. State, 89 Texas Crim. Rep., 599, 230 S. W. Rep., 1003. If certain witnesses were accomplices, as contended by appellant, but which we are not prepared to admit, still it appearing in the record that there is ample evidence to corroborate said witnesses, the failure to submit such issue by the court would not constitute reversible error.

The motion for rehearing is overruled.

*Overruled.*