## WILL VENN v. THE STATE.

### No. 6342.   Decided June 15, 1921.

**1.—Intoxicating Liquors—Accomplice—Corroboration.**

> Where, upon trial of unlawfully selling intoxicating liquors, the State's witness disclaimed any connection with the purchase, though he admitted that he drank some of the whisky, which was acquired by the purchaser, there was no error in refusing a charge on accomplice testimony as a matter of law.

**2.—Same—Evidence—Other Transactions—Other Offenses.**

> Where, upon trial of the unlawful sale of intoxicating liquors, evidence was introduced that some five months subsequent to the commission of the offense there were found upon defendant's premises certain articles which could have been used in the manufacture of intoxicating liquors, the same was reversible error, and this although the court limited said testimony to the sale of said whisky.

Appeal from the District Court of Upshur.  Tried below before the Honorable J. R. Warren.

Appeal from a conviction of the unlawful sale of intoxicating liquors; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant was convicted for the unlawful sale of intoxicating liquors.

The witness Dacus, the purchaser, testified to the sale and the witness Hogg testified to facts tending to corroborate the accomplice. There was no error in refusing to charge that Hogg was an accomplice as a matter of law.  He disclaimed any connection with the purchase, though he admitted that he drank some of the whisky, which was acquired by Dacus.  (Chandler v. State, 89 Texas Crim. Rep., 599, No. 6255, 232 S. W. Rep., 337, decided May 11, 1921).

Evidence was introduced that some five months subsequent to the commission of the offense, there were found upon the premises of the appellant certain articles which could have been used in the manufacture of intoxicating liquors.  It appears that there was no evidence showing this equipment to have been upon the premises or in his possession or under the control of appellant at the time the alleged offense took place.

The court instructed the jury, in substance, that appellant was not charged with the possession of equipment for making intoxicating liquors, and that the testimony was admitted only to be given such

weight, if any, as the jury might determine it was entitled to to aid them, if it did so, in determining whether the appellant made the sale of whisky charged in the indictment. In refusing to sustain appellant's objection to the introduction of this testimony, we are of the opinion that there was prejudicial error committed. The evidence tended to establish appellant's guilt of extraneous crime relevant under none of the rules excluding such evidence. (Underhill's Crim. Evidence, Sec. 87 and cases referred to thereunder).

Because of this error, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*