## E. G. CONE v. THE STATE.

No. 6344. Decided June 22, 1921.

### 1.—Forgery—Comparison of Hand Writing—Requested Charge.

Where, upon trial of forgery, there was evidence with reference to the comparison of handwriting concerning the alleged forged document, both by the experts and the jury themselves, there was no error, as such comparison of handwriting may be made by the jury as well as by experts, and the jury are the judges of the credibility of the witnesses as well as the facts proven. It was, therefore, no error in refusing a requested charge to take these issues from the jury by means of a peremptory instruction.

2.—Same—Venue—Requested Charge—Statutes Construed.

Article 235, C. C. P., provides that a prosecution for forgery may be maintained in any county in which the alleged forged instrument is used or passed, and the undisputed testimony showing that the alleged check was used by the defendant in the county of the prosecution, said county had venue of the offense.

3.—Same—Evidence—Expert Testimony—Comparison of Handwriting.

Where, upon trial of forgery, the defendant's witness had qualified himself as to his knowledge of defendant's handwriting sufficiently to enable him to testify that a given instrument was not drawn by the defendant, a refusal of the court to permit him to do so was reversible error. Following Bratt v. State, 38 Texas Crim. Rep., 121, and other cases.

4.—Same—Misconduct of Jury—Practice on Appeal—Discretion of Court.

In the absence of the testimony heard upon the question of misconduct of the juror, this court will presume that the trial court's judgment was supported by the testimony heard, and that he correctly overruled the motion for new trial on question of misconduct of the jury.

5.—Same—Sufficiency of the Evidence—Practice on Appeal.

While this court is unable to state that the judgment of conviction is not supported by the evidence, yet on account of the error in not admitting the testimony of defendant's expert witness on handwriting, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Upshur. Tried below before the Honorable J. R. Warren.

Appeal from a conviction of forgery; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

*R. E. Bozeman*, and *C. E. Florence*, for appellant.

*R. H. Hamilton*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Upshur County of forgery, and his punishment fixed at two years in the penitentiary.

The indictment contained two counts, one for forgery and the other for passing a forged instrument, but only the former was submitted in the court's charge to the jury. The conviction was for forging the name of J. W. Bowden to a check for $315 which was drawn on the Merchants and Planters State Bank of Winnsboro. Winnsboro is in Wood County. Said check was payable to the order of J. H. Cobit, and was delivered by appellant to Mr. Allen, Cashier of the Rhonesboro State Bank for collection, and was by Mr. Allen forwarded to the M. & P. State Bank at Winnsboro, by them paid and a draft therefor forwarded to Mr. Allen, who deposited same to the credit of appellant in the Rhonesboro bank. These facts are without dispute in the record.

The issue in the case was as to whether Bowden executed the check in question. The appellant swore that Bowden approached him with a proposition to execute and deliver to appellant checks on the Rhonesboro bank, in which Bowden's money was kept at that time, and that after the money had been drawn from the bank by appellant, the checks would be disowned by Bowden, and the money would be split between him and appellant and they would thus both profit. Appellant said he declined to go into the proposition, the Rhonesboro bank being the bank with which he did business. He said thereupon Bowden removed his account from the Rhonesboro bank to the Merchants and Planters bank at Winnsboro, and thereafter delivered to appellant, under the agreement between them to carry into execution the scheme substantially above outlined, the check in question, and that he turned it over to Mr. Allen for collection, and after it was paid appellant said he gave to Bowden all of said amount except $50, which he appropriated himself. The cashier and assistant cashier of the M. & P. bank at Winnsboro were placed upon the stand by the appellant and qualified as experts, and testified that in their opinion the check in question bore the genuine signature of Bowden. Mr. Allen, cashier of the Rhonesboro bank, gave substantially the same testimony. Bowden denied any such agreement or proposition between himself and appellant as above referred to, and denied the execution of the check in question by himself or by his authority.

Bill of exceptions No. 1 appears to have been prepared by the trial court and filed in lieu of a bill presented to him by appellant. From said bill it appears that after the evidence was introduced appellant moved for a peremptory instruction as to the second count in the indictment, the reason stated being that the evidence was insufficient to show venue in Upshur County, of any offense of passing the forged instrument, and also because the evidence was insufficient to establish a case of forgery against appellant. The refusal of said charge brings in review the entire case, but it is only necessary to consider same as relating to the sufficiency of the evidence to go to the jury on the question of forgery, the charge of passing said instrument having been eliminated by the court's refusal to submit that issue to the jury.

We have examined the evidence with care and interest. Bowden said positively the check in question was executed by some one other than himself, without his knowledge or authority. Appellant said with equal positiveness that the check in its present condition was given to him by Bowden in pursuance of the scheme substantially outlined above, and that he delivered said check to Mr. Allen to be forwarded by the latter for collection. The question was the genuineness or falsity of the signature to said check. Appellant was corroborated in his claim that the check was genuine, by the testimony of two officials of the M. & P. bank testifying as experts, and also the testimony of Mr. Allen to the same effect. The check itself was in evidence, as were also fourteen other checks bearing the admittedly

genuine signature of Bowden. Comparison of the signature of these checks was made before the jury by expert witnesses. Under the terms of Article 814, Vernon's C. C. P., it is provided that handwriting may be determined by comparisons made by experts *or by the jury.* This statute makes it rather difficult in any case of forgery, where the issue is the genuineness of a signature established in whole or in part by comparison of the handwriting with admittedly genuine signatures, to determine the weight which must be accorded to said comparison by the jury themselves. Unfortunately for appellant in the instant case, it was shown that he was charged with other offenses, and he admitted that he tried to get a man named Finney and another to swear, with regard to the check in question, that they were present when appellant won said check in a crap game. If appellant's story be true, he occupied before the jury trying him, the exceedingly equivocal position of one who admitted that he received the check in question as part of a scheme to fraudulently obtain the money of other people, of which scheme he was to be a beneficiary; and also as having admitted that he had attempted to induce third parties not only to swear falsely upon his trial, but to swear to a story not at all in accord with that to which appellant himself testified on the trial.

Bearing in mind the fact that comparisons of handwriting may be made by the jury as well as by experts, and that the jury are the judges of the credibility of the witnesses as well as the facts proven, we think the trial court correctly refused the request of appellant to take these issues from the jury by means of a peremptory instruction. Insofar as said requested charge referred to the venue of the forgery charge and the insufficiency of the evidence to show same in Upshur County, we observe that it is required by Article 938, Vernon's C. C. P., that in order for this court to have properly before it the question of venue, same must have been an issue in the trial court and be presented by proper bill of exceptions. Inasmuch as Article 235 of our Code of Criminal Procedure provides that a prosecution for forgery may be maintained in any county in which the alleged forged instrument was used or passed, and the undisputed testimony shows that the check in question was used by appellant in Upshur County, by his deposit of same for collection with the Rhonesboro bank in Upshur County, there could be nothing in the contention that venue of the forgery charge in Upshur County, was not supported by the testimony.

Mr. Allen swore that he had managed the Rhonesboro bank for four years, during which time appellant maintained a checking account with him, and that he had cashed numerous checks drawn by appellant and was familiar with his signature, which witness had seen appellant write to notes and checks. He further testified that it was part of his business to examine signatures and familiarize himself with handwriting. Witness was shown the check in question and asked if he felt able from his payment of the checks of appellant and

having seen him write his signature, to state whether or not said check was drawn by appellant. Upon objection by the State the court declined to permit the witness to answer this question. We think the witness qualified himself as to his knowledge of appellant's handwriting sufficiently to enable him to testify that a given instrument was or was not drawn by appellant, and that the refusal of the trial court to permit him to answer the question was error. Bratt v. State, 38 Texas Crim. Rep., 121; Riley v. State, 44 S. W. Rep., 499. It is stated in the bill of exceptions that had said witness been permitted to answer, he would have said that in his opinion said check was not drawn by appellant, and that no part of same appeared in his handwriting. In this connection we observe that no witness gave evidence of the fact that said check or any part thereof was in the handwriting of appellant. The case was one of circumstantial evidence. No one saw appellant execute said check; it was not payable to him. The testimony of three witnesses that the check was in Bowen's handwriting was in accord with that of appellant that he got it from Bowden. The burden was on the State to prove beyond a reasonable doubt that appellant executed the check in question. This burden is met only by proof that appellant brought the check to Allen and had Allen forward it to the M. & P. bank for collection. Appellant seems not to have made any statement to Allen as to how he came by the check, and did not say it was his property, as far as we can determine from the record. Who did write said check? Bowden said he did not,— appellant said he did not, but that he got it from Bowden. The case was on very close lines, appellant claiming that he got said check from Bowden and three witnesses swearing that it was in Bowden's handwriting. It was not enough for the State to prove merely that the check was not drawn by Bowden or by his authority, but it must go further and show either directly or circumstantially that the check was drawn by appellant. In the condition of this record, the jury may have hesitated to accept the testimony of the two officials of the M. & P. bank that the said check was in Bowden's handwriting, upon the ground of possible interest on the part of said witnesses. We cannot say but that the testimony of Mr. Allen under discussion, that he knew appellant's signature and that the check in question was not in appellant's handwriting, might have turned the scale in his favor, and might have resulted in his acquittal. We are not prepared to say that the error of the rejection of said evidence was harmless.

Appellant has but one other bill of exceptions in the record and this complains of misconduct of a juror in that he made a statement in the jury room injurious to appellant. The affidavit of a juror was attached to appellant's motion for new trial. In approving the bill of exceptions concerning this matter the trial court appends the following qualification and explanation: "The issue as to what was said if anything by the juror, and on motion for new trial I heard the evidence, and on the evidence found against defendant's contention. J.

R. Warren, Presiding Judge." It is the uniform practice of this court where affidavits alleging misconduct are appended to motions for new trial, and it is made to affirmatively appear by the record that the court heard evidence for and against the contention of the accused, and found against same, that he will act upon the presumption that the court's judgment was supported by the testimony heard, unless said testimony be preserved and presented in the record, and it therefrom appears to us that the court was in error. In the instant case the evidence heard nowhere appears in the record, and we are, therefore, under the necessity of upholding the action of the trial court in overruling said motion for new trial.

There are many other matters presented in the motion for new trial, which are not supported by bills of exceptions or other matters in the record properly presenting same. We are unable to state that this judgment is without support. It is beyond our province to determine conflicts in the evidence against the decision of the jury unless their judgment seems without substantial support.

For the error of the rejection of the testimony of witness Allen as above indicated, the judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*