### Jep Newton v. The State.

No. 6660.   Decided February 8, 1922.

Rehearing Denied March 22, 1922.

1.—Intoxicating Liquors—Manufacture—Sale—Bill of Exceptions—Accomplice —Requested Charge.

Where, upon trial of illegal sale of intoxicating liquors, the evidence did not raise the issue of accomplice as to one of State's witnesses, but merely the drinking of liquor illegally purchased by another, there was no error in the court's refusal to submit a requested charge that said State's witness was an accomplice, or to submit that issue to them; nor, to reject certain testimony claimed by the defendant to show that said witness was an accomplice. Following Howard v. State, 233 S. W. Rep., 847, and other cases.

2.—Same——Case Stated—Accomplice—Rule Stated—Witness—Purchaser.

That two, or two hundred men, had such friendly feelings or relations toward each other as that when one bought liquor the others felt themselves welcome or free to use it, would not make of them accomplices to the crime, or the seller of such liquor in any particular case. A witness must be criminally connected with the offense on trial before a charge on accomplice testimony is required, and the rule as to include a purchaser of the liquor as an accomplice cannot be extended to such a witness, and there was therefore no error in refusing the requested charges.

3.—Same—Rehearing—Practice on Appeal.

Where the matter presented in the motion for rehearing are but a repetition of those passed upon in the original hearing, the motion will be overruled.

Appeal from the District Court of Kaufman.   Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of illegal sale of intoxicating liquors; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Cooley & Crisp,* and *Wynne & Wynne,* for appellant.—Cited Brown v. State, 125 S. W. Rep., 915. Hightower v. State, 155 id., 533;

Smith v. State, 229 id., 523; Nunnally. v. State, 234 id., 391, and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Kaufman County of illegally selling intoxicating liquor, and his punishment fixed at confinement in the penitentiary for two years.

The record contains five bills of exception. Bill of exceptions No. 1 appears to be a complaint based on the refusal of the court to permit appellant to ask two witnesses a certain question. The substance of the matter contained in this bill of exceptions, is the same as that more fully set up in each of the other four bills of exception. The remaining bills of exception present substantially the same question, that is that the lower court erred in refusing to permit appellant to prove by each of four witnesses certain facts relating to a past course of conduct on the part of said witnesses toward each other and toward the purchaser of liquor by each of them separately, and its joint use and consumption by all of them which appellant claims would give rise to a presumption that in the instant case the witness Clarkson was an accomplice to the purchase of the liquor charged to have been illegally sold by appellant. The question raised in each bill of exceptions being substantially the same, we will set out and discuss at length only the particular matter contained in bill of exceptions No. 4, which relates to the testimony of the witness Clarkson. The statement of facts shows that J. J. Davis and his son Perry Davis lived in the country out from the town of Forney in Kaufman County. Scott owned a furniture store in Forney and Clarkson was his clerk. On Saturday afternoon the Davises came to Forney. Scott had some whisky. The four men drank it. Later they got into the car of young Davis and after riding around town for a while J. J. Davis suggested that they drive out to appellant's home and get some whisky. No objection was made by anybody and Davis directed his son to drive the car out there. When they reached appellant's, Perry Davis honked the horn and appellant came out, and J. J. Davis asked him if they could get some whisky, to which he replied that he thought they could and directed the party to drive down the road, which they did. Appellant came down presently with a fruit jar of whisky which he put in the car and J. J. Davis paid him $10 therefor. The party drove back to Forney and on the way J. J. Davis and Scott, who were in the back seat of the car, drank some of the whisky. The next morning Clarkson and Perry drank some. No one contributed to the purchase of the liquor, which was made by J. J. Davis. The trial court told the jury that J. J. Davis, Perry Davis and Scott were accomplices, but refused to tell them that Clarkson was, or to submit the issue to the jury as to whether he was, such accomplice. Upon just' what theory of the court the jury were

instructed that Scott was an accomplice is not clear, but that question is not presented or discussed on the appeal. The refusal of the court to charge the jury that Clarkson was an accomplice, or to submit that issue to them, and the rejection of certain evidence claimed by appellant to show Clarkson to be such accomplice, are made the grounds of this appeal. We do not think the evidence sufficient to show Clarkson to be an accomplice. The mere drinking of liquor theretofore illegally bought or made by another, would not make an accomplice of the one so drinking. Howard v. State, 90 Texas Crim. Rep., 164; Venn v. State, 89 Texas Crim. Rep., 537; 232 S. W. Rep., 822; Chandler v. State, 89 Texas Crim. Rep., 308, 232 S. W. Rep. 337. The evidence rejected by the court as stated and shown by four bills of exception substantially cover the same ground. Appellant endeavored to show by each of the four men in the car their past conduct and relations to buying and using liquor, it being claimed that such evidence showed Paul Clarkson to be an accomplice in the instant case. It was shown that if permitted witness Clarkson would have testified as follows:

"We four fellows had drunk whisky before. I had had it there in the store and we had drunk it before. I did not consider it necessary to have a special agreement about any whisky I bought. I did not consider it necessary because I knew he could drink what I had and I thought he felt the same way about it. That was what we had been doing, each one of us drinking the other's whisky. When Mr. Davis said 'let's go buy some whisky' I took it to mean myself as well as the others in the car. I was perfectly willing to go. I knew if he got the whisky, I could drink it. I considered them all safe to be with when whisky was bought because I had been with them before. They had drunk my whisky without paying for it and I felt at liberty to drink their whisky when we were together without paying for it, as they had drunk mine without paying for it. I considered that from their drinking of my whisky that I was entitled to drink their whisky if I was where they were. I don't know how it was that I didn't buy any whisky that night. I just didn't buy any—he bought for all of us. I figured that he bought for all of us and therefore I didn't buy any. I figured that I could drink his whisky—I had drunk his whisky before and he had drunk mine. All of my friends could drink my whisky. He had no agreement to buy for me and no understanding he was buying for me—I just figured he was buying for all of us and I did not buy any. I figured I could drink the whisky because I had drunk his before and he drank mine, and my friends could do so. I had no agreement or understanding that he was buying whisky for me." We do not think any error was committed in rejecting this testimony. That the purchaser of such liquor in the instant case had had free access to liquor of the witness Clarkson in the past, and that witness bought none on the instant oc-

casion, figuring that if he wanted it, that bought by J. J. Davis would be free to him, and that the purchase by J. J. Davis was for the benefit of all of them, would not make of the witness Clarkson an accomplice. That two or two hundred men had such friendly feeling or relations toward each other as that when one bought liquor the others felt themselves welcome or free to use it, would not make of them accomplices to the crime of the seller of such liquor in any particular case. The witness must be criminally connected with offense on trial before a charge on accomplice testimony is required. Branch Ann. P. C. p. 360 and collated authorities. The fact, that on the part of Clarkson there was any contribution of money or advice by word, or aid by act or word, in the instant sale, was expressly negatived by each witness. The crime here charged consisted of the illegal sale of liquor. Solely by reason of the fact that the Dean law made the purchaser of such liquor guilty of an offense, he was held an accomplice to the crime of the seller. (Franklin v. State, 89 Texas Crim. Rep., 252), but to extend the rule so far as to make it include as accomplices all who were present at the time a given sale of liquor was made who would swear that without any sort of contribution to the particular purchase, or without any participation therein save of presence alone, such parties felt themselves free to dring of the liquor then bought,—would be making of an unwarranted assumption, a substantial cloak for criminals by putting the testimony of such witness within the pale of infamy applied to those who are accomplices.

Finding no error in the action of the lower court in rejecting such testimony, the judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

### March 22, 1922.

MORROW, Presiding Judge.—The matters presented in this motion are but a repetition of those passed on in the original hearing. A review of them would be but reiteration of the statements and conclusions contained in the original opinion.

The motion for rehearing is overruled.

*Overruled.*