MARCH ELLIOTT v. THE STATE.

No. 6635.   Decided February 8, 1922.

Rehearing Granted November 8, 1922.

1.—Selling Intoxicating Liquor—Accomplice—Charge of Court.

Where, upon trial of unlawfully selling intoxicating liquor, the court correctly instructed the jury that certain two State's witnesses were accomplices, and was requested to instruct the jury to determine whether a third State witness was an accomplice, which request he refused; held, the record showing on appeal that the whisky was delivered to one of the first two accomplices, the legal purchaser, and it was conceded that this accomplice received the whisky from the one upon whom the court refused to charge upon accomplice testimony that one of the main accomplices induced appellant to sell him whisky for the purpose of convicting him of the offense, the court should have submitted the question of accomplice's testimony as to said third witness to the jury to settle the question of fact; the former law under which this indictment was found, placing the purchaser in the attitude of an accomplice witness. Following Franklin v. State, 88 Texas Crim. Rep., 342.

2.—Same—Rule Stated—Accomplice Testimony—Charge of Court.

Where the complicity of the witness is admitted, but the prosecution claimed that he was merely a feigned accomplice acting with a view to the detection of the real criminal, it is for the jury to determine whether the witness was an actual or only a feigned accomplice. Following Smith v. State, 89 Texas Crim. Rep., 145.

Appeal from the District Court of Bowie.   Tried below before the Honorable P. A. Turner.

Appeal from a conviction of unlawfully selling intoxicating liquor; penalty, two years imprisonment in the penitentiary.

*Keeney & Dalby,* for appellant.—Cited: Williams v. State, 48 Texas Crim. Rep., 75; Nicholson v. State, 48 id., 223; Bittix v. State, 48 id., 232.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Bowie County of the offense of unlawfully selling intoxicating liquor, and his punishment fixed at confinement in the penitentiary for a period of two years.

The facts sufficiently appear in this opinion. It is insisted that the trial court erred in his charge upon accomplice testimony as applied to witnesses Cobb and Jordan. The charge complained of as applicable to the facts herein, is not harmful. Hunt Watson v. State, No. 6490, decided by this court January 18, 1922, and not yet reported. The evidence amply showed the guilt of appellant, and the sufficiency of the corroboration of the alleged accomplice.

Unless there be sufficient evidence in this record to cause this court to believe that there was error on the part of the trial court in refusing to submit to the jury the question as to whether State witness Oats was an accomplice, the case must be affirmed. An examination of the statement of facts shows that witness Cobb bought a pint of whisky from appellant, paying him therefor nine dollars. The whisky was to be delivered in a certain alley, later. No one was present when the purchase was made and the money paid to appellant. Afterward Cobb told witness Oats that he was going to get a negro for selling whisky and that he wanted Oats to go along. Oats went. When appellant came up to them he was nearer to Oats, and Cobb told him to give the package to Oats, which appellant did. The whisky was in a bottle in a paper sack. Oats handed it to Cobb, and later the two men took a drink out of it. Oats was a deputy sheriff of Miller County, Arkansas, in which part of the city of Texarkana is located, and testified that what he did in the matter was to aid Cobb in apprehending appellant. There is quite a doubt in our minds as to whether any of the parties were shown to be accomplices in law. They were all officers engaged in an effort to arrest parties illegally selling liquor. While Cobb and Oats took a drink of the liquor, the bottle and its contents were carried to the sheriff's office and there turned over to the sheriff, and used in evidence against appellant. The taking of a drink of such liquor did not make Oats an accomplice. Howard v. State, 90 Texas Crim. Rep., 164, 233 S. W. Rep., 847; Venn v. State, 89 Texas Crim. Rep., 537, 232 S. W. Rep., 822. Officers engaged only in an effort to ferret out and bring to punishment those engaged in the commission of crime, would not in all cases be accomplices. However, the evidence in the case entirely negatives any participation on the part of Oats in the purchase of the

liquor, or of any knowledge that such liquor had been purchased by Cobb, and we think nothing raises the issue of accomplice as to him, and that the trial court did not err in refusing to tell the jury that he was an accomplice, and in not submitting such issue to them. Our conclusion in this regard disposes of each of the other contentions of appellant.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

### ON REHEARING.

## November 8, 1922,

MORROW, PRESIDING JUDGE.—The appellant was convicted of the unlawful sale of intoxicating liquor to G. C. Cobb.

At the time of the transaction, it was an offense to buy, as well as as to sell, intoxicating liquor, and the purchaser was in the attitude of an accomplice witness. (See Franklin v. State, 88 Texas Crim. Rep., 342.) The law has since been amended so that at this time the purchaser is not an accomplice.

The court instructed the jury that Jordan and Cobb were accomplices, and was requested to instruct the jury to determine whether Oats was an accomplice. The refusal of this request is made the basis of this appeal. Cobb and Jordan arranged to buy whisky from the appellant. Cobb gave the appellant nine dollars for the whisky which he afterwards received. Fifteen or twenty minutes after the money was given to appellant, according to Cobb's testimony, Cobb induced Oats to accompany him to a certain alley. He said: "I asked Mr. Oats to go with me; I told him I was going to get a negro for selling whisky, and told him I wanted him to go along, and we went up that front street there and went around and came up the alley." He waited at a point arranged with the appellant. Cobb further said: "The whisky was delivered to Mr. Oats, it was not delivered to me in person by the defendant, but it was delivered to Mr. Barney Oats in my presence. . . . Mr. Oats handed it over to me. . . . Mr. Oats and I then took a drink of it, and I put the bottle in my pocket." According to Cobb, the purpose of Oats' presence was to aid in buying the whisky.

Oats testified that he went with Cobb to a certain alley and there appellant handed to the witness Oats a package containing a sixteen-ounce bottle of whisky. Cobb at the time was about thirty feet away. In our opinion, Oats' connection with the transaction was such as to require a charge on accomplice testimony permitting the jury to decide whether Oats was an accomplice witness. He was admittedly an actor in the purchase of the whisky. It was through him that the whisky was delivered to Cobb, the alleged purchaser. It was con-

ceded upon the trial that Cobb, who received the whisky from Oats, was an accomplice. Oats received it from the appellant and delivered it to Cobb. It seems that Jordan was an officer and that he had instigated Cobb to induce the appellant to sell him whisky for the purpose of convicting him of the offense. Oats took part in the purchase. The principle of law applicable, we think, is thus stated:

"Where the complicity of the witness is admitted, but the prosecution claims that he was merely a feigned accomplice acting with a view to the detection of the real criminals, it is for the jury to determine whether the witness was an actual or only a feigned accomplice." See Corpus Juris, Vol. 16, p. 678, sec. 1370; Smith v. State, 89 Texas Crim. Rep., 145.

In our opinion, the court was not justified in refusing to charge the jury, upon the request of appellant, upon the law of accomplice testimony as relating to the witness Oats. For that reason, the judgment should be reversed and the cause remanded.

The motion for rehearing is therefore granted, the affirmance set aside and the judgment is reversed and the cause remanded.

*Reversed and remanded.*