## VENN v. STATE. (No. 6700.)

(Court of Criminal Appeals of Texas. Nov. 1, 1922. On Motion for Rehearing March 7, 1923.)

**1. Criminal law 511(2)—Corroborating testimony of accomplice must detail facts tending to connect accused with commission of offense.**

The witness corroborating testimony of accomplice must be in a position to detail facts which tend to connect accused with the commission of the offense.

*On Motion for Rehearing.*

**2. Criminal law 511(1)—Corroboration of accomplice's testimony held insufficient to sustain conviction.**

Corroboration of accomplice's testimony *held* not sufficient, under Code Cr. Proc. 1911, art. 801, to sustain conviction of accused for selling intoxicating liquors.

Appeal from District Court, Upshur County; J. R. Warren, Judge.

Will Venn was convicted of selling intoxicating liquor, and appeals. Reversed and remanded.

T. H. Briggs and M. B. Briggs, both of Gilmer, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Appellant was convicted for the sale of intoxicating liquor; his punishment being assessed at two years' confinement in the penitentiary. The case has been before the court at a former time, and will be found reported in 89 Tex. Cr. R. 537, 232 S. W. 822.

Only one question will be considered, viz. whether the testimony upon this trial is sufficient to corroborate the accomplice and authorize the conviction to stand.

The indictment alleged the sale of liquor to T. L. Dacus. The prosecution proceeded under the law when the purchaser of intoxicating liquor was an accomplice; that is, prior to the amendment of the Thirty-Seventh Legislature (1921) 1st Called Session, page 233 (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.). Dacus and Hogue lived in the same community. Hogue operated a service car. On the occasion inquired about Dacus secured Hogue to take him to the town of Gilmer. While on the way Dacus told Hogue he wanted to turn off of the main road to see a party, and in obedience to his direction Hogue turned off the main road, and drove by the home of appellant, where the car was stopped, and Dacus went to appellant's house, leaving Hogue in the car. Dacus testified that he saw appellant at the house, and bought a quart of whisky

from him; that Hogue was about 100 yards from the house at the time. After procuring the whisky he went back to the car, and they continued their way to Gilmer, Hogue taking a drink of whisky soon after they had left. Dacus says he has no recollection of telling Hogue he was going to get whisky, or why he wanted to turn off the road, other than that he wanted to see a party. Hogue testifies that at the request of Dacus on the occasion in question they started to Gilmer; that he turned off of the road, and came by appellant's house because Dacus told him he wanted to go there; that he stopped his car something near 40 or 50 yards from appellant's house; that he never left the car, but that Dacus went from the car to the house of appellant; that Dacus had no whisky at the time they stopped the car, but that when he came back he brought some whisky with him; that when Dacus first told him to turn off the road so he could see a party, witness did not know other than this why he turned off, and made no inquiry about it, but that after they turned off the main road Dacus told him they were going to get some whisky. The witness Hogue did not go to appellant's house, and never saw appellant at all on the occasion under investigation.

[1] The testimony of Dacus is positive, and makes out a case against appellant if sufficiently corroborated by Hogue. If the latter had seen the transaction, the state's case would have been complete without the testimony of Dacus. This is more than the law requires. The supporting witness must be in a position to detail facts which "tend" to connect accused with the commission of the offense. Hogue knew they stopped near appellant's house; he knew Dacus had no whisky prior to this time; he knew Dacus returned from appellant's house with the whisky. We are of opinion the evidence of Hogue was sufficient to fulfill the requirement of the law.

The judgment is affirmed.

*On Motion for Rehearing.*

MORROW, P. J. [2] After much consideration, we have reached the conclusion that the testimony of the witness Hogue does not corroborate the testimony of the witness Dacus to the degree that is required by the statute of this state, upon the subject of accomplice testimony, which statute reads thus:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient, if it merely shows the commission of the offense." Article 801, Code of Crim. Proc.

The testimony of Hogue may be of sufficient cogency to corroborate the statement

of Dacus that the offense was committed, but in our judgment it falls short of the necessary measure in identifying the appellant as the offender. Hogue's testimony goes to the extent of showing that Dacus stopped at a point some distance from appellant's house; that Dacus at the time he stopped had no whisky; that when he returned to the car in which they were riding he did have some whisky. It goes no further. Dacus testified that he bought the whisky. Hogue's testimony is corroborative of that fact, which shows, as said in the statute, that the offense was committed. Hogue saw the house, but saw no man; he heard no voice. His mind was completely blank so far as having any knowledge of appellant's presence or his delivery of the whisky to the witness Dacus.

The facts in the Chandler Case, 89 Tex. Cr. R. 312, 230 S. W. 1000, are, in substance, these: Peel testified that on a certain day Chandler brought whisky to his (Peel's) house. Jones testified that he took Chandler to Peel's house in an automobile, and that appellant carried the liquor. Peel bought the liquor, and Jones aided in transporting it. Both at the time were accomplices. The corroboration was from the witness Oliver, who, on the day in question saw a man drive to Peel's front yard and carry a bucket in the house. He was unable to identify the man. There is a marked similarity between the instant case and the Chandler Case in which the evidence of corroboration was held insufficient.

We believe that the corroboration in the instant case is not sufficient. For that reason the motion for rehearing should be granted, the affirmance set aside, the judgment reversed, and the cause remanded, and such is the order.