### Dink Butler v. The State.

#### No. 8005. Decided February 13, 1924.

#### Rehearing denied March 26, 1924.

1.—Unlawful Manufacture of Intoxicating Liquor—Accomplice—Drinking Liquor.

Where appellant claimed that in drinking a part of the liquor in question the witness violated that phase of the statute which makes it unlawful to receive intoxicating liquor, held that this view cannot be sanctioned.

2.—Same—Rehearing—Drinking and Receiving Liquor—Accomplice.

In the opinion of this court it is not necessary in disposing of this motion for rehearing to decide whether one giving liquor to drink becomes the receiver in contemplation of the statute referred to, and even under the law as it existed at the time of the commission of the offense the witness cannot be held to be an accomplice as a matter of law, but its disposition may be rested upon the announcement in the opinion of this court upon rehearing in Chandler v. State, 89 Texas Crim. Rep., 599, and the motion for rehearing is overruled.

Appeal from the District Court of San Jacinto. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of unlawful manufacture of intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Wm. McMurrey*, for appellant.—Cited cases in opinion.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

Walker, the State's witness, went to the home of the appellant to serve a summon for road work. He found the appellant engaged in making whisky. The witness remained on the premises for two hours or more and drank some of the whisky. On cross-examination, an effort to elicit an admission from the witness that he had rendered some aid or encouragement to the appellant in making the liquor was without success.

Appellant advances the contention that the witness Walker became an accomplice from the fact that he drank some of the whisky manufactured by the appellant. The specific claim made by the appellant is that in drinking the liquor, the witness violated that phase of the statute which makes it unlawful to *"receive"* intoxicating liquors. This view cannot be sanctioned. The statute touching the receiving of intoxicating liquors is in these words: "That it shall be unlawful . . . to possess or receive for the purpose of sale any such liquors herein prohibited." The various cases of Chandler v. State, reported in the 89th Tex. Crim. Reports deal with a statute which was absolute in condemning as an offense, the possession, reeipt and purchase of such liquors. What was said in those cases touching the testimony of an accomplice must be interpreted in the light of the change of the statute embraced in Chap. 61, Acts of the 37th Leg., 1st Called Session. Even under the statute as it formerly

existed, (Chap. 78, Acts of 36th Leg., 2nd Called Session), one was not regarded as an accomplice who merely took a drink of whisky which was handed to him. See Chandler v. State, 89 Texas Crim. Rep., 591. In Elliott's case, 92 Texas Crim. Rep., 571, 244 S. W. Rep., 1007, no analogy is observed with the present case. In that case the witness took part in the sale of which Elliott was charged. Anderson's case, 91 Texas Crim. Rep., 183, 238 S. W. Rep., 221, seems not in point.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

HAWKINS, JUDGE.—Appellant calls attention to the fact that the indictment charges the offense to have been committed in December, 1920, and that the proof conforms to the allegation, hence the law controlling is the Act of the Thirty-sixth Legislature, Second Called Session, Chapter 78, page 228. His point is that such law makes the "receiver" of liquor, whether by gift or purchase an accomplice, such "receiver" having by such law been made guilty of a felony. In our opinion it is not necessary in disposing of this motion to decide whether one who is given liquor to drink becomes a "receiver" in contemplation of the statute referred to. Its disposition may be rested upon the announcement in the opinion upon rehearing in Chandler v. State, 89 Texas Crim. Rep., 599, 232 S. W. Rep., 337. If Walker was an accomplice at all he was such only as to that liquor which he drank. There is no contention that he consumed all that was manufactured by appellant during the witness' presence. He had no connection whatever with the making of any of the whisky, and even under the law as it existed at the time of the commission of the offense we cannot hold Walker to have been an accomplice as a matter of law.

The motion for rehearing is overruled.

*Overruled.*