## B. J. McGary v. The State.

### No. 8896.　Delivered Jan. 28, 1925.

**1.—Burglary—Charge of Court—On Accomplice Testimony—Incorrect.**

Appellant both by specific exception and a special charge, complained of the court's charge on accomplice testimony. The charge given is in substance the same as was used in the case of Campbell v. State, 57 Tex. Crim. Rep., 301. Under the facts in some cases the charge while inaccurate, has been held as not warranting a reversal. Generally, speaking it has been held inadequate and inappropriate. See Standfield v. State, 84 Tex. Crim. Rep. 437 and other cases cited.

**2.—Same—Corroboration of Accomplice—Held Insufficient.**

In this case the state relied upon the testimony of the witness Carl Ryan, a confessed accomplice, to sustain the conviction. The corroboration of his testimony is deemed inadequate. No other witness testified to any fact connecting appellant with the offense charged, save that in company with Ryan he was seen after the offense was committed about 100 miles distant, in possession of articles which might be used in the commission of such an offense.

Appeal from the District Court of McLennan County. Tried below before the Hon. Richard I. Munroe, Judge.

Appeal from a conviction of burglary; penalty, five years in the penitentiary.

The opinion states the case.

*Joe W. McNamara & W. V. Dunham,* of Waco, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary; punishment fixed at confinement in the penitentiary for a period of five years.

The premises of the Magnolia Petroleum Company at Waco, Texas, were burglarized on the night of the 23rd of March. Appellant was arrested on the 25th of March in Georgetown, Williamson County, Texas, about 100 miles from Waco. He was in a Ford car in company with a man named Ryan. In the car was a satchel containing some alcohol, a dynamite stick, fuses, a hammer, and a saw used in sawing steel and iron.

Carl Ryan testified that he and the appellant were present at the time the burglary was committed; that appellant entered the premises of the Magnolia Petroleum Company while he (Ryan) remained on the outside; that after leaving they were chased by some officers; that

the articles found in the satchel mentioned, together with the pistol in the possession of the appellant, were used in committing the burglary. Some fifty or sixty dollars were given the witness by the appellant. The witness was drunk and went to sleep on the way from Waco, and was arrested together with the appellant in Georgetown.

The court instructed the jury that Ryan was an accomplice and that they could not convict upon his testimony alone; that before convicting the appellant they must believe that Ryan's testimony was true and connected the appellant with the offense; and that there was other testimony corroborating Ryan which tended to connect the appellant with the offense; that the corroboration was not sufficient if it merely showed the commission of the offense. The charge is in substance the same as was used by the court in the case of Campbell v. State, 57 Texas Crim. Rep., 301. Under the facts in some cases, the charge, while inaccurate, has been held as not warranting a reversal. Watson v. State, 90 Texas Crim. Rep., 576, see page 583. Generally speaking, it has been held inadequate and inappropriate. Standfield v. State, 84 Texas Crim. Rep., 437; Anderson v. State, 95 Texas Crim. Rep., 347, see p. 353; Walker v. State, 94 Texas Crim. Rep., 659.

In the present case, the testimony relied upon for corroboration is deemed inadequate. None but the accomplice testified to the appellant's presence at the time of the offense and to no other facts connecting him with it save that in company with Ryan he was seen after the offense had been committed about 100 miles distant in possession of articles, some of which might have been used in the commission of a similar offense, but bearing no intrinsic evidence of such was in the present instance. Appellant was found in possession of none of the stolen property.

The faults in the charge mentioned were called to the attention of the learned trial judge, both by specific exception and a special charge, and if the case was submitted to the jury, the charge should have been amended.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*