### Josh Burgess v. The State.

No. 9315.    Delivered June 10, 1925.

**Manufacturing Intoxicating Liquor—Accomplice Testimony—Not Sufficient Corroboration.**

In this case the state relied for a conviction upon the testimony of an accomplice, who testified that he himself manufactured the whisky on appellant's ranch, and gave appellant one-tenth of the whisky for the privilege. Appellant did not live on the ranch, but had rented it. There is no corrob-

orative testimony tending to connect defendant with the alleged offense, and the judgment is reversed. See Sterrett v. State, 265 S. W. 1034, Noble v. State, No. 9082 not yet reported and other cases cited.

Appeal from the District Court of Palo Pinto County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Jno. W. Moyes and Ritchie & Ranspot,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was charged in the district court of Palo Pinto County by indictment with unlawfully manufacturing intoxicating liquor and convicted of said offense and his punishment assessed at one year's confinement in the penitentiary.

There are a number of questions urged by appellant in this case, mostly relating to questioning the jury, and to argument of the county and district attorneys, but from the disposition we make of the case we are of the opinion that it is not necessary to consider any of them except the question raising the insufficiency of the testimony to warrant a conviction. The appellant raises this question by asking an instructed verdict, and in his motion for new trial. The State relies for conviction in this case upon the testimony principally of Tom Taylor, a confessed accomplice, who was charged by indictment at the time of the trial with making whiskey. The court properly charged the jury that the witness Taylor was an accomplice, and if his testimony be true, it discloses that there were two stills in operation on the ranch of appellant, one of which was operated partly by said witness and one Massingill and the other by one Hiney; and that said stills were being run by the said parties and one-tenth of the output was delivered to the appellant. The question to be decided by this court is the question of corroboration of said accomplice. The undisputed testimony in the case shows that the appellant's family lived in the town of Graham, and that he was out upon his ranch, upon which the stills and the whiskey were found, a great deal of the time and that said ranch, it appears, was being rented out and that the appellant when there, stayed at the main ranch house, which was occupied by one Logsdon and his family, and that there were other renters living on said ranch in other houses, including the said Massingill and said Hiney. Witness Abernathy, the sheriff, testified to having made the raid and to having found

the stills in question, and among other things, that he never saw the defendant make any liquor, and stated:

"He was not any nearer that stuff I found than any other man; he was no nearer to it than Hedge Logsdon."

The attorneys for the appellant in this case, strongly urged in their brief that there is no evidence tending to connect the appellant with manufacturing the whiskey in question and cite us to numerous authorities, including Sterrett v. State, 265 S. W. 1034. Jones v. State, 263 S. W. 288. Reeves v. State, 263 S. W. 279. And we will add to said list Noble v. State, No. 9082, delivered by Presiding Judge Morrow June 3, 1925, yet unreported, and the authorities therein cited.

In the Sterrett case, supra, rendered by Judge Lattimore, the defendant was convicted of possessing intoxicating liquor and the facts show that the wife of appellant lived upon a farm where the whiskey was found, but that he spent most of his time at Fort Worth engaged in business of contracting; and two witnesses for the State testified to their having been employed for the puspose of manufacturing the whiskey on the premises in question, which belonged to the appellant, and there was nothing to show, outside the accomplice's testimony, that the appellant had any connection with the whiskey except that he owned the premises and that his wife was living thereon where the whisky was found. This court held that the testimony was insufficient and reversed the case.

We believe the Sterrett case, supra, is a stronger case than the instant case under consideration, for the reason that appellant in he instant case, lived in town and his ranch appeared to be rented out and there is no showing of his being connected with the manufacturing of said whiskey except the testimony of the said accomplice. We think the case of Noble v. State, supra, is also a stronger case than the instant case, which this court through Presiding Judge Morrow reversed for the insufficiency of the testimony, and in said case used the following language:

"The measurement of such testimony, as stated in the statute, is that it must tend to connect the accused with the offense, and it must do more than show that the offense was committed.

"In the present case there are circumstances showing the commission of the offense, but there are none save those mentioned which tend to connect appellant with it. Without a review of the precedents upon the subject, we express the opinion that the corroborative evidence adduced is.insufficient to warrant a conviction."

After careful examination of the entire record, as presented to us, we are of the opinion that there is no corroborative testimony tending to connect the defendant with the alleged offense, and we

are of the opinion that the judgment of the trial court should be reversed and this cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeal has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.