HENRY MEYER v. THE STATE.

No. 10077.   Delivered April 7, 1926.

Manufacturing Intoxicating Liquor—Evidence of Accomplices—Uncorro-
    borated—Insufficient.

The state relied for a conviction in this case upon the testimony of
two accomplices.  There is not a word of testimony in the record even
remotely corroborative of the accomplice witnesses, or which even raises
a suspicion against appellant, and the cause must be reversed.   See
Atchley v. State, 254 S. W. 922, and other cases cited.

Appeal from the District Court of Mills County.   Tried below
before the Hon. Lewis H. Jones, Judge.

Appeal from a conviction for manufacturing intoxicating
liquor, penalty one year in the penitentiary.

The opinion states the case.

*J. C. Darrow* of Goldthwaite, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*,
Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant appeals from a conviction for
manufacturing intoxicating liquor, the punishment being one
year in the penitentiary.

We find fifteen bills of exception in the record.  It is neces-
sary to discuss only the one complaining of the court's refusal
to instruct a verdict of acquittal.

M. M. Vest and his wife were accomplice witnesses as a mat-
ter of law.  The learned trial judge recognized this and so in-
structed the jury, together with proper charge relative to re-
quired corroboration.  It is unnecessary to set out the testimony
of Mr. and Mrs. Vest.  No matter how complete a case may be
made out by them a conviction is not permitted unless they are
corroborated.  (Art. 718, C. C. P. 1925.)

The sheriff testified about finding a still which had been used.
This equipment was on a creek upon premises in the possession
of one Guthrie, who had it rented.  Guthrie had no knowledge
of the presence of the still until notified by the officer.  Neither
the sheriff nor Guthrie pretend to know to whom the outfit be-
longed and in no way connect appellant with it.  The only other
witness called by the state was Hughitt, who says he had dis-
covered the still and on one occasion saw appellant going in the
direction of it, having at the time a sack on his back.  The point
where appellant was seen by this witness was a half mile from

the still. Witness was three hundred yards from appellant. He did not know what was in the sack, nor where appellant was going, nor where he did go. He was coming from the direction of Vest's house. There is not another word of evidence even claimed to be corroborative of the accomplices. Any other man with a sack on his back seen half a mile from the still going in the direction of it would have been just as strongly implicated as appellant so far as the non-accomplice evidence is concerned. This evidence furnishes no corroboration as to a material criminative fact tending to connect appellant with the manufacture of whiskey. It can scarcely be said to even raise a suspicion against him.  Atchley v. State, Tex. Cr. R.        , 254 S. W. 992; Noble v. State, 273 S. W. 251; McGarry v. State, 268 S. W. 475; Chandler v. State, 89 Tex. Cr. R. 312, 230 S. W. 1000; Hunt v. State, 89 Tex. Cr. R. 89, 229 S. W. 869; Thomas v. State, 89 Tex. Cr. R. 129, 230 S. W. 159; Wethered v. State, 272 S. W. 472; Burgess v. State, 274 S. W. 152.

Our state's attorney concedes that the accomplice witnesses are not corroborated as the law demands. We are in complete accord with him in this view. The court should have directed a verdict for appellant, and if upon another trial the evidence is the same, a verdict of not guilty should be instructed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*