R. L. WEST V. THE STATE.

No. 16826. Delivered June 13, 1934.
Rehearing Denied October 24, 1934.
Reported in 75 S. W. (2d) 96.

The opinion states the case.

*W. C. Boyd,* of Denton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is misapplication of trust funds; the punishment, confinement in the penitentiary for two years.

The prosecution proceeded under article 1540, P. C., which reads as follows:

"If any officer of any court who has the legal custody of any money, evidence of debt, script, instrument of writing or other article that may have been deposited in court to abide the result of legal proceedings shall appropriate the same to his own use, he shall be punished as if he had stolen the same."

In his motion to quash, appellant averred that the indictment was insufficient because it failed to allege the name of the person depositing the money; did not charge that any person, firm or corporation was deprived of the value of the funds alleged to have been embezzled; did not show who was the owner of the fund; failed to aver that the fund was deposited to abide the result of a legal proceeding then pending in court; and did not charge that it was appellant's duty to receive the fund. We think none of appellant's grounds of attack on the indictment should be sustained. No effort was made to charge an offense under the provisions of art. 1539, in which it is provided that any sheriff or other officer who collects money for any party to a suit, and without the consent of such party, unlawfully converts same, shall be punished in the same manner as if he had stolen said money. Nor was appellant charged under the provisions of art. 1534, defining the offense of embezzlement. Art. 1540, supra, within itself, defines an offense separate and distinct from those offenses set forth in arts. 1534 and 1539, supra. There is nothing in art. 1540 requiring that the owner of the fund be named in the indictment, or that it be alleged that the owner was deprived of the value of the fund charged to have been embezzled. An inspection of the indictment shows that it is expressly averred that appellant was the duly qualified clerk of the district court of Denton County on the 19th of December, 1932, and that he then and there had in his custody $850 in money of the value of $850, which had been theretofore deposited in said court in his custody to abide the result of legal proceedings in a certain suit, to-wit: Case No. 13,644, on the civil docket of said court, said case being styled Francis and James Pippin v. Love Field Potteries et al. It is further averred that appellant "did then and there unlawfully and wilfully and fraudulently appropriate the said money to his own use." Manifestly, the indictment follows

the language of the statute. Moreover, it follows the form laid down in Willson's Texas Criminal Forms, Fourth Edition, Form 179.

The proof on the part of the State was, in substance, as follows: Appellant was district clerk of Denton County. There was pending in the district court of said county a suit numbered 13,644, styled Francis and James Pippin v. Love Field Potteries et al. The plaintiffs in the suit were minors and the proceeding had been instituted for them by their father as next friend. A judgment was entered awarding plaintiffs damages in the sum of $850, it being recited in the judgment that the defendants, Love Field Potteries Company and E. H. Evans, had paid into the registry of the court the sum of $850 for the purpose of paying said judgment; and, further, that the father of James Pippin, as next friend, might withdraw from the registry $50 for the use and benefit of said minor, provided he executed a bond payable and conditioned as required by law. The attorney for the defendants in the civil suit drew a draft on one of his clients for $850, payable to appellant, as district clerk of Denton County, Texas. This draft was endorsed by appellant and deposited by him in the bank to his own credit, and thereafter he withdrew from the amount received on said draft $212.50. At no time did he account for any part of the amount deposited with him. Upon being questioned about the matter, appellant said, "I have come up short." Again, he said, "I haven't been able to make up my reports yet." Further, he stated that he had to get out and do some collecting, and that he thought he could get the money in a day or two. The plaintiffs in the civil suit had not received their money at the time of the trial, which was approximately one year after appellant had received said money. In the meantime appellant had retired from the district clerk's office.

Appellant did not testify in his own behalf. The only testimony he introduced was to the effect that his general reputation for being peaceable and law-abiding was good.

Appellant contends that the evidence is insufficient to support a conviction under the charge in the indictment, in that the State's proof showed that a judgment had been obtained prior to the time the money was deposited in the registry of the court. We are unable to agree with this contention. We do not understand that, under the circumstances reflected by the record, a final result of the proceedings had been reached. The proof shows that the money was paid into the registry of the court

because of the fact that the plaintiffs in the civil suit were minors. The judgment contains a recital as follows:

"It is further ordered that J. A. Pippin, as next friend of the minor James Pippin, upon executing, obtaining approval of by the proper official of this county, and filing a proper bond, payable and conditioned as required by law in cases of this character, may withdraw from the registry of this Court the sum of Fifty Dollars recovered herein by him as next friend of and for the use and benefit of the minor James Pippin, provided that the said J. A. Pippin will take charge of such money for the use and benefit of the said minor James Pippin, the person entitled to receive the same.

And it appearing further to the Court that the defendants have paid all costs of court up to and including the entering of this judgment, it is ordered that no execution issue against said defendants or either of them for court costs in this cause, and that any court costs that may be incurred by the said J. A. Pippin or any of the plaintiffs herein, in the future, by reason of withdrawals of money from the registry of this court shall be taxed against the plaintiffs; and the defendants having fully satisfied and paid off this judgment and costs to date, are hereby declared fully discharged of any and all liability by reason of this judgment."

Appellant further contends that the proof is insufficient to show that the draft delivered to him was ever paid. It is true that no person from the bank on whom the draft was drawn testified as a witness. However, the circumstances abundantly support the conclusion that appellant collected the money. He endorsed the draft and placed it to his credit in his local bank. His account was credited with the amount of $850. The draft was sent to the bank for collection. Thereafter appellant withdrew $212.50. At the time of the trial, which was approximately a year after the deposit was made, he had in the same account a balance of $637.50, which was the remainder of the $850 he had received in the civil suit.

We are not in accord with appellant's contention that the evidence fails to show an offense because of the fact that no fiduciary relationship existed between appellant and the plaintiffs in the civil suit. The money was deposited in the registry of the court in appellant's care and custody as an officer of the court. It was his duty to receive it, and deal with it as a trust fund.

Bill of exception No. 7 complains of the argument of the county attorney. It is stated in the bill that the language used

was as follows: "Gentlemen of the jury, $637.99 is not enough to pay the $850 to say nothing of the other items chargeable against him." It is further stated in the bill that appellant's counsel had argued that the fact that appellant had $637 on deposit in the bank was evidence of his good faith, and that he had no intention to misapply the sum of $850. Further, it is certified in the bill that appellant was under three other indictments for embezzlement. The bill is qualified by the trial judge as follows: "What the county attorney said in that connection was this: 'Gentlemen of the jury, there ought to have been $850 in this case and I don't know how much in the others.' The defendant's attorney objected to this argument and did not request the court to instruct the jury not to consider same, but immediately withdrew his request, stating that he was afraid the instruction would emphasize the argument which was objected to." If it should be held that the argument was improper, we would not feel warranted in ordering a reversal for the reason that the State's proof of guilt is plain and uncontroverted. Appellant filed no application for a suspended sentence, and he received the minimum penalty.

Appellant earnestly insists that his bills of exception relating to the action of the court in permitting the State to introduce in evidence the petition and judgment in the civil case constituted reversible error. These instruments were admissible in evidence to support the averment in the indictment to the effect that appellant had received into his custody $850 to abide the result of legal proceedings in said civil suit. Again, if it should be held that the contents of the instruments were not admissible, in view of the fact that proof of guilt is plain and uncontroverted, and that appellant received the minimum penalty, we would hold the matter harmless.

A careful examination of all of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant urges in his motion for rehearing that it was fundamental error for the court not to have charged on circumstantial evidence.

No exception was directed to the charge for omitting an instruction on circumstantial evidence, and no special charge on the subject was requested. Where no such objection was interposed, nor any special charge requested, this court will not entertain complaint of the omission to charge on circumstantial evidence. Jazo v. State, 114 Texas Crim. Rep., 567, 26 S. W., 631 and cases therein cited. We are not to be understood as holding that the case is one of circumstantial evidence.

All other questions presented in the motion for rehearing were discussed in our original opinion and in our judgment were properly disposed of.

The motion for rehearing is overruled.

*Overruled.*