## LEROY WELLS v. THE STATE.

No. 19497.   Delivered March 9, 1938.
Rehearing denied April 20, 1938.

The opinion states the case.

*John Morison,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of murder; his punishment was assessed at confinement in the penitentiary for a term of five years.

It appears from the record that the deceased and his two brothers-in-law, A. E. Hudson and J. W. Hudson, went from Cleburne to Fort Worth on the evening in question. When they reached the city limits of Fort Worth, they had car trouble and were forced to have some repairs made. While a mechanic was engaged in making the necessary repairs, they purchased a pint of whisky, most of which was consumed by the deceased and A. E. Hudson. After having their car repaired, they proceeded into the city and went to a beer tavern where some negroes were playing music and where deceased and A. E. Hudson drank some beer. The deceased purchased beer for the musicians. One of them asked the deceased for a bag of potato chips. The deceased handed him a $10 bill and told him to get the chips. The negro purchased them and returned the change. Appellant and his companion, Cameron, saw the negro hand the deceased the money and asked him to buy them a bottle of beer. The deceased declined to do so and an argument followed. The proprietor of the tavern closed his establishment about one A. M. in the morning. The deceased and his brothers-in-law left the establishment a few minutes before it closed. Appellant and Cameron followed, and overtook them a short distance away. First they asked deceased if he wanted to fight, then appellant remarked: "I have them covered, now you do the rest." J. W. Hudson, upon hearing this remark, started across the street, looking for a telephone to call the police. After he had walked about halfway across, he glanced back and saw Cameron, appellant's companion, strike the deceased, but deceased did not fall. Appellant was apparently in the same place and position as when J. W. Hudson started across the street to call the officers. When Hudson returned, he found deceased lying near the curb, unconscious and with blood flowing from his nose and mouth when he

breathed. He was carried to a hospital and died early that morning. Appellant and Cameron were arrested within about an hour after the occurrence. When arrested, appellant had a black-jack in his pocket. The doctor who treated the deceased testified that the injuries from which the deceased died could have been made by either a blackjack or by striking his head on the curb when he fell. J. W. Hudson seems to have been the only person who saw any of the difficulty which resulted in the death of the deceased. Appellant did not testify or offer any affirmative defense.

By bills of exception numbers one and two, appellant complains because the court declined to give his special requested instruction, or one of his own, on the law of circumstantial evidence. If that issue was raised by any testimony, then he was entitled to such an instruction, because it is incumbent on the trial court to charge the jury fully and affirmatively with reference to the law applicable to every issue raised by the evidence, whether such evidence be produced by the State or the defense, and whether it be strong or weak, unimpeached or contradicted.

However, as we understand the record, the State's case did not depend alone upon circumstantial evidence. J. W. Hudson was an eye-witness of the assault. He saw Cameron strike the deceased. There was direct and positive testimony that appellant and Cameron were acting in concert. Moreover, appellant was in such juxtaposition to the immediate act of the homicide as to take the case out of the rule requiring a charge on circumstantial evidence. Hence, the failure of the court to so charge was not error. See Bass v. State, 59 Texas Crim. Rep. 186; Crews v. State, 34 Texas Crim. Rep. 533; Dobbs v. State, 51 Texas Crim. Rep. 629; Bennett v. State, 32 Texas Crim. Rep. 216.

By bill of exception number three, appellant complains of the court's refusal to permit him to show that sometime prior to the time when appellant and Cameron came into the tavern, deceased had been engaged in argument with other customers. If there had been any contention that deceased started the trouble, was making or threatening to make an assault upon appellant, and that appellant and Cameron, or either of them, struck the deceased in self-defense, then there might be some merit in his contention. Such, however, is not the case.

By bill of exception number four, appellant complains of the action of the trial court in permitting the admission of his plea of guilty at a former trial of this cause. It appears that at the February term, appellant was on trial for the same offense. In pursuance to an agreement with the district attorney,

he pleaded guilty in open court. In return for his plea of guilty, the district attorney recommended a sentence of two years imprisonment. The jury, however, disregarded the recommendation and assessed a penalty of 25 years. The court, before receiving said plea, inquired of him, as the court is required to do by law, if he was pleading guilty because he was guilty and for no other reason. Appellant replied that he was. The court then asked him whether he had been induced to plead guilty by any promise of reward or hope of pardon, to which he replied in the negative. The court then admonished him as to the consequences of his plea and asked him if he still wanted to plead guilty, and he said "yes." Thereupon the plea was received and the jury was instructed to find the defendant guilty and assess his punishment within the limits prescribed by law for said offense.

The court, upon a motion for new trial based upon misconduct of the jury, granted the same. Upon the present trial from which this appeal is prosecuted, appellant changed his plea from guilty to not guilty, and the State undertook and did prove by the district clerk that he was present at the courtroom when the above mentioned agreement was reached between the district attorney and the attorney for appellant to enter said plea of guilty. Appellant objected to the admission of said testimony on the ground that it was highly prejudicial, inflammatory, and was not such an admission of guilt as would render it admissible on the trial of this case, and even though appellant was duly warned by the court of the consequences of such a plea and that he would have to suffer such penalty as would be assessed by the jury if he entered said plea, it was not entirely a free and voluntary admission, being based on the hope of receiving a stipulated sentence; that it was tantamount to proof of the result of the former trial. The objection was overruled by the trial court and defendant timely excepted.

The plea of guilty entered by appellant was a judicial confession of guilt, after he had been duly admonished by the court of the consequences thereof. Hence, it was admissible against him on the subsequent trial, unless he could show that he was induced to so plead by some one in authority. It is noted that the court specifically told appellant that if he did plead guilty, he would have to suffer whatever penalty the jury might assess against him. Notwithstanding this, appellant entered said plea. Under these circumstances, he might have been entitled to an instruction from the court to the effect that if the jury believed that he was induced to enter such plea at the former term of court upon some agreement with the district attorney, to recom-

mend to the jury the minimum penalty or leniency, and that such agreement induced him to enter said plea, then notwithstanding the fact that the court duly admonished him as aforesaid, they should not consider such plea for any purpose. See Saffel v. State, 115 Texas Crim. Rep. 578.

No error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant complains that his bill of exception number four was rewritten by the court after appellant's attorney had prepared same. We find nothing in the record which supports such claim. The court qualified the bill by appending thereto the questions and answers to and from the witness to whose evidence the bill relates, with the objections as made and the ruling of the court thereon, with a certificate that such was necessary to apprise this Court of the true conditions. The qualification appears to have been accepted by appellant without objection thereto, and is binding upon him. See Branch's Ann. Texas P. C., page 138, Sec. 215; 4 Tex. Jur., page 278, Sec. 194.

The motion for rehearing is overruled.