## BERTHA V. DODD V. THE STATE.

No. 23258. Delivered January 23, 1946.
Rehearing Denied February 20, 1946.

The opinion states the case.

*T. D. Rowell,* of Jefferson, and *Carney & Carney,* of Atlanta, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was given a penitentiary sentence of ten years for the murder of her husband, Richard Dodd, by stabbing him with an ice pick, on the 30th day of September, 1944.

We find but one bill of exception in the record. This complains of the insufficiency of the evidence and brings the contention that there is not sufficient proof that the instrument used was in ice pick, as alleged in the indictment.

The killing took place at what was referred to as a honky-tonk in the edge of the town of Jefferson, on the highway leading toward Louisiana. The deceased had gone to the place where several of the colored race had gathered, and sometime thereafter the appellant appeared on the scene. The evidence is much in conflict as to the exact conversation between appellant and the deceased which began the difficulty between them. It does appear, however, that she wanted to go home and he declined to go with her and ordered her to leave in the same manner she had come. After he had backed across the highway with appel-

lant following up, striking at him with something, he fell dead at the edge of the road.

One witness, Bubba Coley, who said he was present when the difficulty began, further testified as follows: "I saw her hitting at him, she was striking at him and he was backing back and said don't stab me with that ice pick. I couldn't hear nobody saying nothing but him. After they started there she backed him on across the highway and she was still striking at him with the ice pick, and a few minutes after they got across the road I heard him say 'Oh somebody come and carry me a doctor quick,' and after I heard that he fell."

From the foregoing, it will be noted that the res gestae statement of the deceased, made to the appellant, was to the effect that she was striking at him with an ice pick. Also, that the witness said she was striking at him "with the ice pick" as they crossed the street. This is direct testimony. After his death an ice pick was found near the body. The wounds were described by other witnesses as being small stab-like wounds, about the size of a BB shot, or of an ordinary ice pick. These additional facts were circumstances corroborating the direct testimony first above stated.

In her brief appellant apparently abandons the complaint made in the bill of exception and calls attention to the fact that the court did not give a charge on circumstantial evidence. She further contends that it was the duty of the court to give such charge, even though no exception had been made pointing out his failure to do so, and no request was presented for such charge. This position will not be sustained. Jazo v. State, 26 S. W. (2d) 631; West v. State, 75 S. W. (2d) 96.

Furthermore, the charge should not have been given even if requested. The necessity for the charge on circumstantial evidence is clearly obviated by that which has been denominated direct testimony. It is well settled in our State that where there is any direct evidence supporting the State's contention it is not necessary to charge on circumstantial evidence, even though the State relies on a chain of circumstances which may be, and is in many cases, considered the major part of the evidence upon which the State relies for conviction. The case before us does not come within any exception to this rule.

The judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING.

KRÜEGER, Judge.

Appellant earnestly insists that we erred in holding that the trial court did not err in failing to charge on the law of circumstantial evidence. We have again reviewed the record in the light of the appellant's motion, but see no reason for receding from the conclusion reached as stated in the original opinion.

It is the settled rule in this state that a charge on circumstantial evidence is not required if there is proof that the deceased, either as a part of a dying declaration or as a part of the res gestae, stated that the defendant shot him.

In the present case, there is direct and positive evidence that appellant backed the deceased across the street, striking at him while he was kicking at her to prevent her from inflicting injuries upon him; that during the encounter the deceased remarked, "Don't stab me with that ice pick," then fell to the ground and called for someone to carry him to a doctor, but he died before medical aid could be summoned. What the deceased said to appellant at the time was a res gestae statement. There is also evidence that an ice pick was found on the ground near where the deceased was struck. The wounds found on the body of the deceased were described by witnesses as being "stab wounds" such as were ordinarily inflicted with an ice pick. From the foregoing statement of the evidence, it is obvious that there is direct testimony that appellant, and she alone, inflicted the wounds which caused his death. Consequently, a charge relative to the law of circumstantial evidence was not required. See Hernandez v. State, 47 Tex. Cr. R. 20; Polk v. State, 35 Tex. Cr. R. 495; Crews v. State, 34 Tex. Cr. R. 533, (543).

Believing that the case was properly disposed of on the original submission, the appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.