OLLIE NAILING V. STATE.

No. 24068. June 2, 1948.

Hon. N. L. Dalby, Judge Presiding.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted for the offense of possession of unstamped whiskey. His punishment was assessed at a fine of $100.00.

The facts, briefly stated, show that appellant was apprehended by T. F. McCoy, Sheriff of Red River County, and his deputy, Harold Greenwood, near a barn belonging to appellant's uncle. The sheriff and his deputy both testified that when they first saw him, appellant, he was carrying a half-gallon fruit jar which contained what they thought was whiskey. When they called to him to stop, he started pouring the whiskey out of the jar. On examination of the jar, it was found that it did contain whiskey but no tax stamps were affixed thereto.

Appellant did not testify in his own defense.

He brings forward a number of complaints relating to the court's action in declining to submit his special requested charges. His first special requested charge is to the effect "that even though the jury believed beyond a reasonable doubt that defendant had in his possession an alcoholic beverage, they must also believe, beyond a reasonable doubt, that such beverage contained more than one-half of one per cent of alcohol by volume." This court has held many times that it is common knowledge

that whiskey contains more than one-half of one per cent of alcohol by volume. See Ramsey v. State, 132 Tex. Cr. R. 412 (104 S. W. (2d) 858) ; Hughes v. State, 134 Tex. Cr. R. 175 (114 S. W. (2d) 566) ; and cases there cited. The opinion is here expressed that the court did not err in failing to give the requested charge.

His second complaint relates to the court's action in declining to submit a special requested charge as to the law of circumstantial evidence or to incorporate one of like import in his main charge. The court did not err in this respect because the State's case did not rest wholly upon that character of evidence. This court has many times held that a charge on circumstantial evidence is not required of the court unless the evidence relied on by the State is purely and solely circumstantial in character. See Surrell v. State, 29 Tex. App. 321 (15 S. W. 816). See also Branch's Ann. P. C., Sec. 1874, and many cases there cited.

There is no need to discuss his special requested instructions Nos. III and IV since there is no merit in either.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.