S. P. WILSON V. STATE.

No. 24509. December 7, 1949.

W. E. *Martin* and J. W. *Reid,* Abilene, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant was assessed a fine of $200 as a second offender (Art. 61, P. C.) for unlawfully possessing liquor for the purpose of sale in a dry area.

Estine Connor, a Negro boy, resided with his stepfather, Hubert Collins, at 881 Plum Street in the City of Alibene. Early the morning of April 21, 1949, Estine found in the alley back of the residence four cases of beer hidden under a mattress. He reported his find to his stepfather, who, after moving the beer into the yard, left in his car to report the incident to the officers. Estine was left to watch the cache. On finding the beer, the boy had seen appellant standing across the street. After the stepfather had gone to report to the officers, appellant and one Tyler approached and Tyler ordered Estine to put the beer over a fence behind which he and appellant were standing. The boy refused to do so. About that time, appellant's wife drove his automobile nearby. Into it Taylor loaded the beer, and she drove away. Appellant was left at the scene, talking to Estine. Soon after officers arrived there, the automobile into which the beer had been loaded returned and appellant got into the car. The officers gave chase and overtook the car after it had stalled in a mud hole, out of which appellant and Tyler were, at the time, trying to push it. Appellant's wife was in the driver's seat trying to start the motor. The beer in the car was taken by the officers.

It is upon this testimony that appellant stands here convicted of possessing the beer for the purpose of sale.

Appellant insists that, under the facts stated, he was entitled to a charge on circumstantial evidence upon the theory that he was not at any time identified as being in the actual possession of the beer.

To this contention we do not agree. A charge upon circumstantial evidence is required only where the evidence of the main facts essential to guilt is purely and entirely circumstantial. 24 Tex. Jur., Instructions, Sec. 101, p. 587. Here, the evidence is direct that appellant was present and aiding both Tyler and his wife is not only possessing but transporting the beer.

Appellant presented several requested charges, the effect of which was to have the jury instructed that guilt would be authorized only upon a finding that he possessed the beer. Such an instruction would have ignored entirely the evidence showing appellant's guilty participation in the possession of the beer by Tyler and appellant's wife, or either of them, and for that reason was untenable.

Appellant contends that the charge of the court was erroneous because it shifted the burden of proof. The trial court's qualification to the bill of exception presenting this question shows that no special requested charge was presented correcting the error.

In the light of this qualification, the claimed error in the charge is not before us because, this being a misdemeanor case, the appellant was under the burden not only of excepting to the charge but also of requesting a charge correcting the claimed error. See 4 Tex. Jur., p. 74, Sec. 47; Jones v. State, 20 S. W. 2d 1067; Williams v. State, 139 Tex. Cr. R. 627, 141 S. W. 2d 620; Long v. State, 149 Tex. Cr. R. 483, 196 S. W. 2d 635; Jones v. State, 153 Texas Crim. Rep. 276, 219 S. W. 2d 463.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.