**Lynwood O'NEAL, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40301.**

Court of Criminal Appeals of Texas.

May 24, 1967.

Rehearing Denied July 19, 1967.

Ogg, Merrill & Turner, by Joe E. Turner, Houston, (On Appeal) for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The appellant and Walter Joe Alexander and Benjamin Bell were jointly indicted for the offense of statutory rape.

Upon the granting of a severance, appellant was separately tried and convicted and his punishment assessed at life imprisonment.

Trial was prior to January 1, 1966, under the 1925 Code of Criminal Procedure.

The state's testimony shows that on the night in question the prosecutrix, then seventeen years of age, had a date with a young man—whom she subsequently married—prior to the date of trial. During the evening the couple drove to a place along White Oak Bayou near Creekmont Street, in Harris County, and parked. They got out of the car, and upon seeing lights of an approaching automobile they got back in the car. The approaching car then stopped and three young Negro men got out. One of the men, who was positively identified by the prosecutrix and her companion as the appellant, pulled the young man out of the car and beat him into unconsciousness with a tire tool. Appellant and the other two men, later identified by the prosecutrix as Benjamin Bell and Walter Alexander, then proceeded to have sexual intercourse with her without her consent. Appellant was the first to rape her and was followed by his two companions, and then each of the three raped her again. After the assault, appellant and his companions left the scene.

The prosecutrix and her companion then left and went to two separate hospitals for treatment of their injuries. An examination of the prosecutrix at the hospital showed that she had been raped and also corroborated her testimony of prior chastity.

Appellant was arrested at 10 p.m. the following day by Officer J. N. Dechman, in front of the home of his co-indictee Alexander.

Following his arrest, appellant gave Officer Lloyd Frazier the underwear he was wearing. The underwear was blood-stained and a pubic hair found on the shorts was determined by Chemist Mc-Donald to be identical with pubic hairs of the prosecutrix. A tire tool found near a vacant lot within a block of appellant's home was identified by the prosecutrix's male companion as the weapon used by appellant in assaulting him on the night in question. There was human blood on the tire tool but not of sufficient quantity for the chemist to type. The young man's wallet was found in possession of the appellant's co-indictee Bell.

As a witness in his own behalf, appellant denied having ravished the prosecutrix and swore that he was at another place at the time of the offense.

Witnesses were called who testified in support of his defense of alibi.

Appellant's defense of alibi and his application for a suspension of sentence were submitted to the jury.

The court also instructed the jury on the law of principals.

Appellant predicates his appeal upon four grounds of error.

In his first two grounds he insists that the court erred in admitting in evidence the tire tool (state's exhibit 7) and the billfold (state's exhibit 10) because the items had not been properly connected with him and therefore were not relevant.

Under the record we find no merit in appellant's contentions. The tire tool (state's exhibit 7) was identified by the

prosecutrix's male companion as the weapon used by appellant in committing the assault upon him. He also identified state's exhibit 10 as his wallet, which he had on his person on the night in question. Appellant's co-indictee Walter Joe Alexander led the officers to where the tire tool was found, and the billfold was found on the person of his other co-indictee, Benjamin Bell.

The prosecutrix testified that she later identified Walter Joe Alexander and Benjamin Bell as the other two persons who were with appellant when the offenses of rape were committed upon her.

■ In appellant's third ground of error, he contends that the court erred in charging the jury on the law of principals because the state failed to connect him with his two co-indictees, Alexander and Bell.

This contention is also without merit, in view of the prosecutrix's testimony that after the offense was committed she identified Alexander and Bell as the two other men who participated, with appellant, in the rapes on the night in question.

In his fourth ground of error, appellant insists that the court erred in admitting the pair of shorts (state's exhibit 9) in evidence because they were obtained as the result of a search following an illegal arrest.

The facts presented by the state relative to the arrest show that about 7 o'clock on the evening following commission of the offense, Deputy Sheriff J. N. Dechman received information from a businessman whom he considered to be credible that one of the three men being sought for the rape was named Lynwood and that one was named Alexander. Between 8 and 9 p.m., the officer had ascertained the name of Lynwood O'Neal and a description of his car. The officer also had information that appellant would be in a certain general area and felt that if he took the time to try to find a magistrate to obtain an arrest warrant appellant might leave the area. At 10 p.m., he found appellant talking to another officer who had no intention of arresting him. The car meeting the description given was parked nearby. He then arrested appellant. Officer Dechman testified that it would have taken at least forty-five minutes for him to have gone after an arrest warrant and he felt that, had he done so, appellant might escape.

■ Under the record, the officer was authorized to arrest appellant without a warrant, under the provisions of Art. 215, Vernon's Ann.C.C.P. of 1925, now Art. 14.04 of the 1965 Code, upon receiving information that the felony offense had been committed and fearing that appellant would escape. See: Price v. State, Tex.Cr.App., 410 S.W.2d 778, and cases therein cited.

■ The state's testimony shows that appellant's shorts were not obtained as the result of a search but that they were voluntarily given by him to Chief Deputy Sheriff Lloyd Frazier. Appellant denied that the shorts were his and that he gave them to the officer. He stated that at the request of Chief Frazier he took off all of his clothes and put on jail clothing.

Under the state's testimony, no question of an illegal search is presented. If, as contended by appellant, the shorts were obtained as the result of a search the same was legal as being incident to a lawful arrest. Price v. State, supra. Appellant's consent, as testified to by the officer, would have also authorized the search. Feather v. State, 169 Tex.Cr.R. 334, 333 S.W.2d 851; Maldonado v. State, Tex.Cr. App., 397 S.W.2d 862.

Finding no reversible error, the judgment is affirmed.