**Dennis Wayne MORR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47453.**

Court of Criminal Appeals of Texas.

March 20, 1974.

Harry R. Heard, Gilmer, for appellant.

J. O. Duncan, Dist. Atty., and Everett L. Culver, Asst. Dist. Atty., Gilmer, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for burglary with intent to commit theft. The punishment was assessed by the court at six years.

The question presented: Is the refusal of the trial court to charge on the law of circumstantial evidence reversible error?

Eloise Wright testified she was the owner of the Lake City Sporting Goods Store in Ore City and that on the night of June 17, 1972, someone broke the front glass door and entered and that food items, including packaged meat as well as cigar boxes, were taken from the store. She related that she did not give the appellant nor anyone else permission to break and enter her store.

William H. Howell, City Marshal, testified that between 3 and 3:30 a.m. on the date in question he observed a 1959 blue Plymouth turn down Main Street in Ore City followed by a 1969 or 1970 Chevrolet and that such cars stopped and parked in front of the Lake City Sporting Goods Store. He related that when he drove by he observed someone standing near the newspaper rack and one person in the Plymouth, while there appeared to be four females and two males in the Chevrolet. Howell testified he drove a short distance before turning around, and as he got behind the post office, he heard glass breaking and went immediately to the front of the sporting goods store where he observed a blonde-haired man crawling out of the front door with food items in his hands. When he yelled "Halt," the individuals in the Chevrolet drove off and he fired a shot in the air. About this time Howell observed the appellant "at the back left side of the Plymouth."

At this point, the appellant moved toward the passenger side of the Plymouth whose motor was running and the blonde-haired man inched towards the driver's side of the vehicle and said, "Hey, man, I was only going inside to get him." The appellant immediately told him to "keep quiet." Howell related he placed both men under arrest and had the appellant place his hands on the car "and he did like that and I pointed the gun at him and the other one made a lunge for the door." Howell testified he fired a shot at the blonde-haired man as he drove off in the Plymouth, but the escape attempt was successful.

Howell also testified that he found cigars and cigar boxes a block and a half East of the store in the direction in which the Chevrolet vehicle had departed, which were identified as boxes taken from the store in question and which had not been there prior to the burglary. He speculated they had been thrown from the Chevrolet.

Testifying in his own behalf, appellant related he had come from Dallas, where he had been visiting members of the "Bandido's Motorcycle Club", to attend a party at the Lake of the Pines and that after a few hours at the party he left to get something to eat and walked to Highway 155 and "caught a ride in a '59 blue Plymouth" whose driver said, " . . . he would take me to get something to eat." He explained that he didn't know the area in question and when the driver pulled up in front of the store in question a car with some girls also stopped and asked for directions to "the party" and that he got out to talk to them and was doing so when Howell arrived on the scene, fired a shot

and yelled "Halt." The appellant testified he raised his hands. He denied hearing glass breaking or knowing what the driver of the Plymouth was doing and testified that there had been no discussion between him and such driver as to any burglary. He also described the escape of the driver.

Appellant acknowledged that he had been previously convicted in Florida and Ohio.

The court charged on the law of principals and instructed the jury that mere presence alone is not sufficient to constitute one a principal.

Appellant argues that the State's evidence merely shows his presence at the scene of the crime and that the court erred in failing to charge on the law of circumstantial evidence.

There was direct evidence that a burglary was committed and that it was committed by a blonde-haired individual. If appellant were guilty, then his guilt is that of a principal. The evidence shows that he arrived at the scene with the blonde-haired man who was driving the Plymouth, that he left "the party" to get something to eat, and that the blonde-haired man had offered to take him "to get something to eat." Other evidence reflects he was standing in front of the store when the officer heard glass breaking and at the time that the blonde-haired man came crawling out of the store with certain food items; that when such individual began to speak in the officer's presence, the appellant informed him to "keep quiet," and that later when the appellant "did like that," causing the officer to point the gun at him (the appellant), the blonde-haired man was given an opportunity to lunge for the car and make his escape.

A charge on circumstantial evidence need not be given where the State's evidence is direct. 31 Tex.Jur.2d, Instructions, Section 123, pages 683–684.

In Dickson v. State, Tex.Cr.App., 492 S. W.2d 267 (1973), the evidence connecting the defendant with the crime was weaker than the evidence in the present case. The court did not charge on circumstantial evidence, but did, as the court did in this case, charge that mere presence at the scene of a crime did not make one guilty. This Court held that the failure to charge on circumstantial evidence was not reversible error.

The appellant's rights under the evidence were adequately protected in the court's charge as given. If the refusal to charge on circumstantial evidence could be construed as error, no harm has been shown. See Article 36.19, Vernon's Ann. C.C.P.

Appellant also challenges the sufficiency of the evidence, but, from what has been written, the contention is without merit.

The judgment is affirmed.

ONION, P. J., and ROBERTS, J., dissent.