**Richard Gary NICHOLS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53344.**

Court of Criminal Appeals of Texas.

June 22, 1977.

Rehearing Denied July 13, 1977.

Donald W. Rogers, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, and John S. Holleman, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction under Article 1160a, Vernon's Ann.P.C., for assault with intent to murder a police officer.[1] A jury assessed punishment of ten (10) years' confinement and a $6,000 fine, probated.

Among other grounds of error, appellant asserts that the trial court erred in refusing his requested charge on circumstantial evidence.

The record reflects that around 1:30 a. m. on July 21, 1972, Detective Evans of the Houston Police Department, accompanied by other officers from Houston and Huntsville, converged on a house in a quiet residential neighborhood in Houston. Their mission was to execute arrest warrants and a search warrant from Huntsville. Appellant was not named in any of the warrants.

As the officers were getting out of their unmarked vehicles, Sheriff White from Huntsville accidentally set off the siren in his car, resulting in a loud blast of approximately 20 seconds. Fearing that the siren had alerted the occupants of the house, the officers surrounded the premises. As other officers sought entry at the front door, Detective Evans, Texas Ranger Whitehead and Officer Nuchia ran to the back of the house. Whitehead broke through the back door, slipped and fell on the kitchen floor. Detective Evans followed closely behind, ran over Whitehead and stopped somewhere in the kitchen near an adjoining bedroom door.

Evans testified that during this chaotic entry of the rear of the house he heard Nuchia in the back yard and other officers in front yelling that they were policemen.

Evans further testified that as he came to a halt in the kitchen, he saw the appellant in his underwear standing in the bedroom doorway pointing a rifle at him. Reflexively, Evans aimed his pistol at appellant. Three shots were fired: two from Evans, one from appellant. Neither person was hit. The evidence is conflicting as to who fired the first shot.

By this time, Ranger Whitehead was on his feet again behind Evans in the kitchen. Whitehead testified that he began to yell to appellant that they were police officers. Approximately a minute and a half later, appellant slid his rifle out onto the kitchen floor and surrendered.

It was undisputed that none of the officers were wearing uniforms and that none of their vehicles were marked or visually identifiable as those of a law enforcement agency. Evans wore a brown business suit and did not display a badge. Whitehead was similarly dressed, but had a badge on the inside of his suit coat. Whitehead testified that he made no attempt to identify himself before breaking down the back door. Evans testified that he did not identify himself as a police officer to appellant before the shooting occurred.

Appellant testified that he was sleeping when the affray began; that he awoke to the screams of a female occupant of the house that "Gary, they are killing Mike!";

---

1. "A person who assaults a peace officer with intent to murder while said officer is in performance of his official duty, *knowing* that the person assaulted is a peace officer, is guilty of a felony . . . ." (Emphasis supplied.)

that at the time the police entered the house a large commercial-type air conditioning unit was operating loudly in a living room window; that he never heard anyone identify themselves as police before the shooting, and that he never heard the siren go off.

Recently, this court stated in *Ransonette v. State*, 550 S.W.2d 36 (Tex.Cr.App.1977) (Opinion on Motion for Rehearing), that:

"A charge on circumstantial evidence is required only where the evidence of the main fact essential to guilt is purely and entirely circumstantial. See *e. g. Wilson v. State*, 154 Tex.Cr.R. 59, 225 S.W.2d 173 (1949). A charge on circumstantial evidence is necessary only when the State's case depends entirely upon circumstances for conviction. See *e. g. Nailing v. State*, 152 Tex.Cr.R. 161, 211 S.W.2d 757 (1948); *Wells v. State*, 134 Tex.Cr.R. 412, 115 S.W.2d 658 (1938) . . . See 31 Tex. Jur.2d 682–683, Instructions, Sec. 123 . . . ."

It is apparent from the record that the State offered no direct evidence of appellant's knowledge, prior to the shooting, that Evans was a police officer. At no time did *any* officer ever explicitly identify himself to appellant. Appellant testified that he did not know that the police were looking for any of the other occupants of the house. Therefore, proof of appellant's knowledge that Evans was a police officer—a main fact essential to guilt under Article 1160a, supra—had to have been based entirely on the circumstantial evidence of the loud siren blast and the officers shouting "police" outside the house. Accordingly, it was error for the trial court to refuse appellant's requested instruction on circumstantial evidence. *Ellis v. State*, 551 S.W.2d 407 (Tex. Cr.App.1977); *Armstrong v. State*, 542 S.W.2d 119 (Tex.Cr.App.1976); *Draper v. State*, 513 S.W.2d 563 (Tex.Cr.App.1974); *Selman v. State*, 505 S.W.2d 255 (Tex.Cr. App.1974); *Crawford v. State*, 502 S.W.2d 768 (Tex.Cr.App.1973).

The judgment is reversed.

DOUGLAS, Judge, dissenting.

The majority quotes the correct rule from *Ransonette v. State*, 550 S.W.2d 36 (Tex.Cr. App.1977) (Opinion on Motion For Rehearing), as follows:

"[a] charge on circumstantial evidence is required only where the evidence of the main fact essential to guilt is purely and entirely circumstantial. See *e. g. Wilson v. State*, 154 Tex.Cr.R. 59, 225 S.W.2d 173 (1949). A charge on circumstantial evidence is necessary only when the State's case depends entirely upon circumstances for conviction. See *e. g. Nailing v. State*, 152 Tex.Cr.R. 161, 211 S.W.2d 757 (1948); *Wells v. State*, 134 Tex.Cr.R. 412, 115 S.W.2d 658 (1938). . . . See 31 Tex. Jur.2d 682–683, Instructions, Sec. 123 . . . ."

Then the majority does not apply the rule. The direct evidence shows that appellant shot at Officer Evans. A siren on a police car was on as the officers arrived at the scene, and before appellant shot at Evans officers who were at the front of the house were calling out that they were police officers. It was definitely proved that he was an officer. Applying the rule "[a] charge on circumstantial evidence is required only when the State's case depends entirely on circumstantial evidence for conviction", the State in this case does not rely entirely upon circumstantial evidence. See *Shippy v. State*, 556 S.W.2d 246 (Tex.Cr. App.1977).

This Court has always held that when the intent is all that is not proved by direct evidence a charge on circumstantial evidence is not required. *Belcher v. State*, 504 S.W.2d 858 (Tex.Cr.App.1974); *Barber v. State*, 462 S.W.2d 33 (Tex.Cr.App.1971).

In *De Los Santos v. State*, 65 Tex.Cr. 518, 146 S.W. 919 (1912), the prosecution was for knowingly permitting gambling on premises under his control. All the evidence was positive except that on the question of knowledge by the accused. The court instructed the jury that the accused was not guilty if he rented a room and it was used for gaming purposes without his knowledge. This Court held error in the charge, if any, in failing to charge on circumstantial evidence was harmless.

Article 36.19, V.A.C.C.P., provides, in part, that where requirements of Articles 36.14, 36.15 and 36.16, V.A.C.C.P., relating to the court's charge have been disregarded ". . . the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. . . ."

Under this statute, if there were any error, it would be harmless. The jurors knew that they had to believe beyond a reasonable doubt that appellant was informed or knew that Evans was a police officer before they could convict.

No error is shown. The judgment should be affirmed.

ODOM, J., joins in this dissent.