**Vincent Edward MIZE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 0257–96.

Court of Criminal Appeals of Texas, En Banc.

May 15, 1996.

Jane C. Disko, Houston, for appellant.

Lester Blizzard, Asst. Dist. Atty., Houston and Robert A. Huttash, State's Atty., Austin, for the State.

*OPINION DISSENTING TO REFUSAL OF STATE'S PETITION FOR DISCRETIONARY REVIEW*

MANSFIELD, Judge, dissenting.

Appellant was indicted for the felony offense of aggravated robbery alleged to have been committed on or about February 7, 1993. The indictment contained two paragraphs which alleged appellant had been convicted of two prior felonies. After a trial, the jury found appellant guilty as charged in the indictment and found both enhancement paragraphs to be true. The jury sentenced appellant to 99 years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

The First Court of Appeals, in a published opinion, reversed appellant's conviction and remanded the cause to the trial court for a new trial. *Mize v. State*, 915 S.W.2d 891 (Tex.App.—Houston [1st] 1995.) The court of appeals held the trial court erred because it failed to instruct the jury that Suzanne Titlow, one of the State's witnesses at the guilt/innocence phase of the trial, was an accomplice. The trial court therefore should have included an accomplice witness instruction in its charge to the jury. Tex.Code Crim.Proc., Art. 38.14.

Suzanne Titlow was not indicted for or convicted of aggravated robbery or any lesser-included offense arising out of the incident for which appellant was indicted. There is no evidence Titlow assisted appellant in the planning or commission of the offense; the evidence shows Titlow was drunk and high on drugs at the time the offense was planned and committed. Titlow did, along with a Nicole Vincent, accompany appellant to the place where the offense was committed; she drove away when she heard shots. Clearly, Titlow was not an accomplice as a *matter of law. Kunkle v. State*, 771 S.W.2d 435, 439 (Tex.Crim.App.1986); *Caraway v. State*, 550 S.W.2d 699, 702–703 (Tex.Crim.App.1977); *Creel v. State*, 754 S.W.2d 205, 214 (Tex. Crim.App.1988). The trial court thus had no duty to instruct the jury she was an accomplice witness as a matter of law. *Arney v.*

*State,* 580 S.W.2d 836, 839 (Tex.Crim.App. 1979).

An accomplice as a *matter of fact* is someone who has participated with the defendant before, during or after the commission of the offense and who can be prosecuted for the same offense with which the defendant is charged. *Ex parte Zepeda,* 819 S.W.2d 874, 875 (Tex.Crim.App.1991); *Kunkle, supra,* at 439.

There is little evidence in the record that appellant could have been prosecuted for this offense or for a lesser-included offense. Titlow's mere presence at the scene during the commission of the offense is insufficient, standing alone, to make her an accomplice witness as a matter of fact. *Creel, supra,* at 214. Therefore, I believe the trial court did not abuse its discretion in failing to instruct the jury that Titlow was an accomplice as a matter of fact.

Even if one assumes there was enough evidence to raise an issue of fact as to whether Titlow was an accomplice as a matter of fact, thus entitling appellant to an instruction on that issue, appellant never objected to the absence of an accomplice witness instruction; appellant also did not request an accomplice witness instruction. In order to be entitled to a reversal, assuming failure to give an accomplice witness instruction was error, appellant must show the error, being an unobjected-to charge error, is so egregious that he was denied a fair and impartial trial. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim.App.1984); *Saunders v. State,* 817 S.W.2d 688 (Tex.Crim.App.1991).

The court of appeals concluded the evidence, excluding the testimony of Titlow, was insufficient to support appellant's conviction and, therefore, is insufficient corroboration of Titlow's testimony. The court of appeals concluded, therefore, failure to give the accomplice witness instruction was egregious error entitling appellant to a new trial. In reaching this conclusion, the court of appeals, in my opinion, did not give sufficient weight to the testimony of Robert Quintanilla, Sr. and Nicole Vincent, which tended to corroborate Titlow's testimony.

Because, in my opinion, the court of appeals failed to give due deference to the trial court's decision not to give an accomplice witness instruction in light of our holdings in *Creel, Ex parte Zepeda,* and *Kunkle,* I would grant the State's petition for discretionary review and respectfully dissent to its denial.